J-S26020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

GRAYLING SANDERS

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 2159 EDA 2015

Appeal from the Judgment of Sentence Entered December 11, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0004906-2014

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                         **FILED JUNE 20, 2016**

Appellant, Grayling Sanders, appeals from the trial court's December 11, 2014 judgment of sentence imposing nine to eighteen months of incarceration for possession with intent to deliver a controlled substance ("PWID"), 35 Pa.C.S.A § 780-113(a)(30).[1]  We affirm.

The trial court summarized the pertinent facts:

> On April 9, 2014, Police Officer Robert Killman conducted surveillance of suspected narcotics sales on the 2800 block of C Street in Philadelphia, PA for about an hour, beginning around 10:00 p.m.  Set upon the roof of an abandoned building, Officer Killman had an unobstructed view of [Appellant], who stood

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court found Appellant guilty of knowing possession of a controlled substance (35 Pa.C.S.A. § 780-113(a)(16)), but imposed no further penalty for that conviction.

about a half block away from him, wearing a black hat, black hoodie, and black pants.

Officer Killman observed three individuals approach [Appellant] one after another, each engaging in brief conversation and a hand-to-hand transaction with [Appellant] before leaving the area. Officer Killman sent flash information regarding each suspected buyer to backup officers immediately following the departure of each suspect. Officer Vandermay stopped and arrested the first buyer on the 2700 block of B Street and recovered five clear Ziploc packets which were stamped with a red devil and contained crack cocaine. Officer Hunter stopped the second buyer in a gold Toyota on the 2400 block of Kensington Avenue, recovering one clear Ziploc packet stamped 'Edge,' containing heroin. Officer Walsh stopped and arrested the third buyer on the 2800 block of Ormes Street and recovered two clear Ziploc packets stamped 'Edge,' containing heroin. After the third hand-to-hand transaction, [Appellant] left the area for approximately ten minutes before returning with a plastic food container.

Upon [Appellant's] return to the surveillance area, Officer Crown arrested him on the 300 block of Somerset Street and recovered ten dollars. [Appellant] was wearing a blue jacket, black hat, black hoodie, black pants, and black boots at the time of his arrest.

Trial Court Opinion, 8/6/2015, at 1-2.

At the conclusion of an October 7, 2014 bench trial, the trial court found Appellant guilty of PWID and knowing possession of a controlled substance. The trial court imposed the aforementioned sentence on December 11, 2014. Appellant filed a post-sentence motion on December 17, 2014, which the trial court denied on January 12, 2015. Appellant filed this timely appeal on February 2, 2015. He challenges the sufficiency and weight of the evidence in support of his convictions.

We review a challenge to the sufficiency of the evidence according to the following standard:

> When evaluating a sufficiency claim, our standard is whether, viewing all the evidence and reasonable inferences in the light most favorable to the Commonwealth, the factfinder reasonably could have determined that each element of the crime was established beyond a reasonable doubt. This Court considers all the evidence admitted, without regard to any claim that some of the evidence was wrongly allowed. We do not weigh the evidence or make credibility determinations. Moreover, any doubts concerning a defendant's guilt were to be resolved by the factfinder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence.

**Commonwealth v. Kane**, 10 A.3d 327, 332 (Pa. Super. 2010), *appeal denied*, 29 A.3d 796 (Pa. 2011).

The Controlled Substances Act defines Appellant's offenses as follows:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

[***]

(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

[***]

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 Pa.C.S.A. § 780-113(a)(16), (30).

Appellant argues that Officer Killman incorrectly identified Appellant as the perpetrator. He offers three factual bases for this assertion: Appellant wore a blue jacket at the time of his arrest; one of the buyers had cocaine rather than heroin, and the cocaine packaging was dissimilar to the heroin packaging; and the officers found only $10.00 on Appellant's person when they arrested him, even though the street value of the cocaine and heroin was approximately $55.00.

None of the alleged factual discrepancies warrants relief on a sufficiency of the evidence argument. At trial, Officer Killman unequivocally identified Appellant as the perpetrator. N.T. Trial, 10/17/14, at 9, 14, 20. Indeed, the following exchange occurred during defense counsel's cross examination of Officer Killman:

> Q. Were you certain this was the right guy?
> A. Yes.

*Id.* at 20. The trial court was entitled to credit Officer Killman's testimony, and Officer Killman's testimony is sufficient to identify Appellant as the perpetrator. The dissimilarity among the drugs and packaging, Appellant's possession of only $10.00 at his arrest, and the blue jacket are relevant to the weight, rather than sufficiency, of the evidence. Appellant's challenge to the sufficiency of the evidence fails.

We next consider Appellant's challenge to the weight of the evidence.

> A motion for a new trial alleging that the verdict was against the weight of the evidence is addressed to the discretion

of the trial court. [. . .] The finder of fact is free to believe all, part or none of the evidence and to determine the credibility of the witnesses. The trial court will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Keaton*, 729 A.2d 529, 540-41 (Pa. 1999) (citations omitted), *cert. denied*, 528 U.S. 1163 (2000).

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000).

Appellant believes the trial court's verdict was against the weight of the evidence because he was not wearing all black, as Officer Killman observed, but had on a blue jacket when he was arrested. Also, he had only $10.00 on his person despite selling drugs with a street value of $55.00 and one of the buyers had cocaine whereas the other two had heroin. As the trial court noted, Appellant was out of Officer Killman's view for ten minutes before he returned to the scene and was arrested. It is possible that he spent money during that time or put the blue jacket on over his black hoodie. All of Appellant's clothing—the hoodie, a black hat, and black pants, matched Officer Killman's description. Furthermore, the record does not

foreclose the possibility that Appellant was selling packets of cocaine and packets of heroin.  We conclude the trial court acted well within its discretion in denying Appellant's motion for a new trial.  Appellant's argument fails.

In summary, we have concluded that Appellant's sufficiency and weight of the evidence arguments lack merit.  We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2016