J-A17038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HENRY LAWRENCE AND LINDA LAWRENCE, H/W | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| ROBLAND INTERNATIONAL B.V., ROBLAND BVBA, ROBLAND, ROBLAND MACHINES, ROBLAND MACHINERY, NV WERKHUIZEN LANDUYT, WERKHUIZEN LANDUYT, BLAUWE TOREN, OLIVER MACHINERY COMPANY, KP WALSH ASSOCIATES INC., JOHN M. SENSENIG, D/B/A CONESTOGA WOOD MACHINERY, ALTA ENTERPRISES INC., R.T. MACHINE COMPANY, R.T. MACHINES, INC., AND RT MACHINE SERVICE, INC., | |
| Appellees | No. 2171 EDA 2016 |

Appeal from the Order June 8, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: April Term, 2015 No. 003736

BEFORE:  GANTMAN, P.J., RANSOM, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                **FILED OCTOBER 10, 2017**

Appellants, Henry and Linda Lawrence, appeal from the trial court's

order sustaining the preliminary objections filed by Appellees, Robland

---

* Retired Senior Judge assigned to the Superior Court.

International B.V., *et al.*, and dismissing their action with prejudice as to those defendants for lack of personal jurisdiction.[1]  We affirm.

We take the following relevant facts and procedural history from the trial court's August 12, 2016 opinion and our independent review of the certified record.  Appellants commenced this action, which arises from a May 3, 2013, work-related injury sustained by Mr. Lawrence, by filing a writ of summons on April 30, 2015.  Appellants filed a complaint on October 28, 2015, alleging that Mr. Lawrence sustained personal injuries when his right hand came into contact with the rotating blade of a Robland table saw during the course and scope of his employment with Ace Designs, Inc., a woodcutting and carpentry company located in Bristol, Pennsylvania.  The complaint named fifteen defendants and advanced several claims, including strict liability, negligence, and breach of warranty.  This appeal involves those defendants that are located and have their principal place of business in either Belgium or the Netherlands.

On November 16, 2015, Appellees filed preliminary objections, arguing that the action against them should be dismissed for lack of personal jurisdiction.  On June 8, 2016, the court entered its order sustaining the

_____

[1] We have amended the caption to reflect the date the order was entered on the docket.

preliminary objections, following jurisdictional discovery and a hearing.[2]

This timely appeal followed.[3]

Appellants raise the following issues for our review:

1. Do the Pennsylvania courts have personal jurisdiction over a Belgian power saw manufacturer that shipped products directly to a Pennsylvania machine company and that listed that company on its website as its "dealer"?

2. Would this Court's exercise of personal jurisdiction comport with fair play and substantial justice?

(Appellants' Brief, at 4).

Both of Appellants' issues on appeal challenge the trial court's determination that it lacked personal jurisdiction over Appellees. (*See* Trial Court Opinion, 8/12/16, at 3). We begin by noting the relevant scope and standard of review.

The scope of review in determining whether a trial court erred in sustaining preliminary objections and dismissing a complaint is plenary.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. When sustaining the trial court's ruling will result in the denial of claim or a dismissal

_____

[2] Appellants discontinued the action as to the remaining defendants on July 1, 2016, without prejudice.

[3] Appellants filed a timely court-ordered concise statement of errors complained of on appeal on July 29, 2016. The trial court entered an opinion on August 12, 2016. *See* Pa.R.A.P. 1925.

of suit, preliminary objections will be sustained only where the case is free and clear of doubt, and this Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion.

Moreover,

when deciding a motion to dismiss for lack of personal jurisdiction[,] the court must consider the evidence in the light most favorable to the non-moving party. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion. **Once the moving party supports its objections to personal jurisdiction, the burden of proving personal jurisdiction is upon the party asserting it**.

*Sulkava v. Glaston Finland Oy*, 54 A.3d 884, 889 (Pa. Super. 2012), *appeal denied*, 75 A.3d 1282 (Pa. 2013) (citations omitted; emphasis added).

With respect to the appropriate exercise of personal jurisdiction in Pennsylvania, this Court has explained:

The Due Process Clause of the Fourteenth Amendment to the United States Constitution limits the authority of a state to exercise *in personam* jurisdiction over non-resident defendants. The extent to which jurisdiction is proscribed by the Due Process Clause is dependent upon the nature and quality of the defendant's contacts with the forum state. Where a defendant has established no meaningful contacts, ties or relations with the forum, the Due Process Clause prohibits the exercise of personal jurisdiction. However, where a defendant has purposefully directed his activities at the residents of the forum, he is presumed to have fair warning that he may be called to suit there.

A defendant's activities in the forum State may give rise to either specific jurisdiction or general jurisdiction. Specific

jurisdiction . . . depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. **Because due process may permit specific jurisdiction based solely on single or occasional acts purposefully directed at the forum, it is narrow in scope, limiting a cause of action to the extent that it arises out of or relates to the very activity that establishes jurisdiction**.

Alternatively, general jurisdiction involves circumstances, or a course of conduct, from which it is proper to infer an intention to benefit from[,] and thus an intention to submit to[,] the laws of the forum State[.] For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. Thus, general jurisdiction may be exercised against foreign corporations when their affiliations with the [forum] State are so continuous and systematic as to render them essentially at home [there]. In contrast to specific jurisdiction, a state that has general jurisdiction may adjudicate both matters that originate within the State and those based on activities and events elsewhere.

*Mendel v. Williams*, 53 A.3d 810, 817 (Pa. Super. 2012) (citations and quotation marks omitted; emphasis added).

Preliminarily, we express our agreement with Appellees in noting that Appellants appeared to conflate general and specific jurisdiction at the hearing on the preliminary objections in the trial court, and in their principal appellate brief, and that any claim of general jurisdiction is waived for failure to raise it properly in the trial court. *See* Pa.R.A.P. 302(a); (*see also* Appellees' Brief, at 9, 13-14; Appellants' Brief, at 15; Plaintiffs' Memorandum of Law in Opposition to Preliminary Objections of Robland Defendants, 12/07/15, at 9) (waiving assertion of general jurisdiction by

averring that Appellants "do **not** argue that [Appellees] have 'constant and pervasive' contacts with Pennsylvania to support general jurisdiction.") (emphasis in original); N.T. Hearing, 5/23/16, at 4, 18-20 (arguing that court has general jurisdiction, despite earlier assertion to the contrary)). Appellants clarify in their reply brief that, on appeal, they assert only that Pennsylvania courts have specific jurisdiction over Appellees, not general.[4] (**See** Appellants' Reply Brief, at 2). However, their claim of specific personal jurisdiction is waived as well.[5]

> A foreign defendant who does not have sufficient contacts with Pennsylvania to establish general jurisdiction may nevertheless be subject to specific jurisdiction in Pennsylvania pursuant to the Pennsylvania Long–Arm Statute, 42 Pa.C.S.A. § 5322 (Bases of personal jurisdiction over persons outside this Commonwealth).[6] Section 5322(a) contains ten paragraphs

---

[4] We note that Appellants do not use the term specific jurisdiction in the argument section of their principal brief. (**See** Appellants' Brief, at 15-47).

[5] Unlike subject matter jurisdiction, which cannot be waived and can be raised at any time, "personal jurisdiction may be waived in the course of litigation." **Sci. Games Int'l**, **Inc. v. Com.**, 66 A.3d 740, 756 n.24 (Pa. 2013) (citing **Wagner v. Wagner**, 768 A.2d 1112, 1119 (Pa. 2001)); **Fletcher-Harlee Corp. v. Szymanski**, 936 A.2d 87, 103 (Pa. Super. 2007), *appeal denied*, 956 A.2d 435 (Pa. 2008), *cert. denied*, 556 U.S. 1104 (2009); **see also Tracy v. Unemployment Comp. Bd. of Review**, 23 A.3d 612, 616 n.3 (Pa. Cmwlth. 2011).

[6] The Long-Arm Statute provides, in pertinent part:

> **(a) General rule.—**A tribunal of this Commonwealth may exercise personal jurisdiction over a person . . . who acts directly or by an agent, as to a cause of action or other matter arising from such person:

*(Footnote Continued Next Page)*

*(Footnote Continued)* ———————————

(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.

(iv) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth.

(v) The ownership, use or possession of any real property situate within this Commonwealth.

\*     \*     \*

**(b) Exercise of full constitutional power over nonresidents.—**In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

*(Footnote Continued Next Page)*

that specify particular types of contact with Pennsylvania deemed sufficient to warrant the exercise of specific jurisdiction. 42 Pa.C.S.A. § 5322(a). In addition, section 5322(b) operates as a "catchall," providing that jurisdiction may be exercised over persons who do not fall within the express provisions of section 5322(a) to the fullest extent permitted by the Due Process Clause of the United States Constitution. 42 Pa.C.S.A. § 5322(b). **Regardless, if a defendant's activities in Pennsylvania only give rise to jurisdiction under section 5322(a) or (b), the plaintiff's cause of action is limited to those activities which formed the basis of jurisdiction**. *See* 42 Pa.C.S.A. § 5322(c).

> **Once it is determined that jurisdiction is authorized by the Long–Arm Statute, the party seeking relief must demonstrate that the exercise of jurisdiction conforms with the Due Process Clause**. *See Schiavone v. Aveta*, 41 A.3d 861, 866 (Pa. Super. 2012), *aff'd*, 91 A.3d 1235 (Pa. 2014) (**two requirements necessary for specific jurisdiction in Pennsylvania: (1) jurisdiction must be authorized by state Long–Arm Statute; and (2) jurisdiction must comport with constitutional principles of due process**). Whether specific jurisdiction is proper under the Due Process Clause requires a two-part analysis: first, the plaintiff must demonstrate that the defendant purposefully established minimum contacts with the forum state; and second, the maintenance of the suit must not offend "traditional notions of fair play and substantial justice." *See Schiavone*, *supra* at 869 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

*Mendel*, *supra* at 820–21 (some case citations omitted; citation formatting provided; emphasis added); *see also King v. Detroit Tool Co.*, 682 A.2d

*(Footnote Continued)* ————————

> **(c) Scope of jurisdiction.—**When jurisdiction over a person is based solely upon this section, only a cause of action or other matter arising from acts enumerated in subsection (a), or from acts forming the basis of jurisdiction under subsection (b), may be asserted against him.

42 Pa.C.S.A. § 5322(a)(1), (b)-(c).

313, 314 (Pa. Super. 1996) ("The question of whether a state may exercise specific jurisdiction over a non-resident defendant must be tested against both the state's long-arm statute (here 42 Pa.C.S.A. § 5322) and the due process clause of the fourteenth amendment.") (citation omitted).

Instantly, in their brief, Appellants do not attempt to establish that the exercise of specific jurisdiction is proper under any provision of the Pennsylvania Long-Arm Statute. (**See** Appellants' Brief, at 15-47). Instead, they concentrate their argument on the **second** requirement necessary for specific jurisdiction in Pennsylvania, *i.e.*, that jurisdiction comport with constitutional principles of due process. **See Mendel**, **supra** at 821; (**see also** Appellants' Brief, at 15-47) (arguing that Appellees have sufficient minimum contacts with Pennsylvania to exercise personal jurisdiction in their first issue, and that exercise of jurisdiction would comport with fair play and substantial justice in their second issue).

At the hearing on the preliminary objections, Appellants referenced section (a)(1) of the Long-Arm Statute as serving the basis for specific jurisdiction. (**See** N.T. Hearing, at 9, 13-14). However, they fail to set forth a cogent argument demonstrating the section's applicability, or even to cite it, in their brief. (**See** Appellants' Brief, at 15-47). Appellants' lack of specificity and development of this issue is especially problematic in light the express limitation on the scope of jurisdiction set forth in subsection (c) of the Long-Arm Statute. (**See supra**, at 8 n.6); **see also Mendel**, **supra** at 817, 820 (discussing narrow scope of specific jurisdiction).

It is well-settled:

> When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. . . .
>
> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

. . . The appellate brief is the most vital tool in any effort to obtain relief on appeal. Any effort and preparation for appeal are lost if the arguments in the brief are presented improperly, incompletely, or inaccurately. As this Court has stated:

> . . . Appellate mandates are not hyper-technical. They are designed to foster the uniform consideration of the substantive issues in all cases. We must not proceed haphazardly—following procedure in one case, ignoring it in another—under the guise of reaching those substantive issues. While doing so might lead us to resolve the merits in any one matter, it would be unfair to litigants and counsel in so many other cases who do follow the rules. It would also be unfair to those who do not follow the rules and against whom we enforce those rules. Moreover, disregarding procedure would diminish predictability, breed uncertainty and quickly erode the law and order we seek to protect, placing in their stead whim and chaos.

*Commonwealth v. Kane*, 10 A.3d 327, 331–32 (Pa. Super. 2010), *appeal denied*, 29 A.3d 796 (Pa. 2011) (citations omitted)[7]; *see also* Pa.R.A.P. 2101; 2119(a)-(b); *Fletcher-Harlee Corp.*, *supra* at 90, 103 (finding appellant's argument that trial court erred in determining that it lacked personal jurisdiction over a defendant waived based on appellant's failure to adequately develop and support claim in appellate brief); *Tracy*, *supra*[8] at 616 n.3 (finding issue challenging personal jurisdiction waived for failure to address in brief).

Here, Appellants' complete failure to discuss relevant law demonstrating the applicability of the Pennsylvania Long-Arm statute to Appellees impedes our ability to conduct meaningful appellate review. As discussed above, the authorization of jurisdiction under the Long–Arm Statute must be established as a prerequisite to proceeding with the Due Process analysis. *See Mendel*, *supra* at 821. Appellants have not met their burden of making an adequate showing with respect this requirement. *See Sulkava*, *supra* at 889; *see also Kane, supra* at 331. Therefore, we

---

[7] "Since the Rules of Appellate Procedure apply to criminal and civil cases alike, the principles enunciated in criminal cases construing those rules are equally applicable in civil cases." *Kanter v. Epstein*, 866 A.2d 394, 400 n. 6 (Pa. Super. 2004), *appeal denied*, 880 A.2d 1239 (Pa. 2005), *cert. denied*, 546 U.S. 1092 (2006) (citation omitted).

[8] Commonwealth Court decisions provide persuasive, non-binding authority. *See Petow v. Warehime*, 996 A.2d 1083, 1089 n.1 (Pa. Super. 2010), *appeal denied*, 12 A.3d 371 (Pa. 2010).

conclude Appellants have waived their claim pertaining to specific personal jurisdiction. Accordingly, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2017