J-S66028-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
DERRICK DEON COBBS, :
:
Appellant : No. 376 WDA 2017

Appeal from the Judgment of Sentence August 12, 2014
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0004617-2009

BEFORE: BENDER, P.J.E., DUBOW, J., and PLATT*, J.

JUDGMENT ORDER BY DUBOW, J.: FILED DECEMBER 11, 2017

Appellant, Derrick Deon Cobbs, appeals from the Judgment of

Sentence entered in the Westmoreland County Court of Common Pleas on

August 12, 2014 following his jury conviction of drug possession and

firearms offenses.[1] He challenges the sufficiency of the evidence and the

legality of his sentence. We conclude that Appellant has waived his

challenge to the sufficiency of the evidence, but we vacate his sentence and

remand for resentencing.

A detailed recitation of the facts and procedural history is not

necessary to our disposition. The Commonwealth charged Appellant with

the above crimes after a woman reported to police that Appellant had held

_____

[1] 3 counts each of 35 P.S. § 780-113(a)(16) and 35 P.S. § 780-113(a)(30);
one count of each of 35 P.S. § 780-113(a)(31) and 18 Pa.C.S. § 6105(a)(1),
respectively.

_____

* Retired Senior Judge assigned to the Superior Court.

her against her will at a home in Jeannette and threatened her. She also reported that he had firearms, crack cocaine, and marijuana in the residence. Following Appellant's jury conviction of the above charges, the court sentenced Appellant on August 12, 2014, to an aggregate term of 16 to 40 years' incarceration, including a term of 5 to 15 years' for Possession with Intent to Deliver Heroin ("PWID"), pursuant to 42 Pa.C.S. § 9712.1. Eight days later, this Court held Section 9712.1 to be unconstitutional. See Commonwealth v. Newman, 99 A.3d 86 (Pa. Super. 2014) (applying Alleyne).[2] Appellant filed a Post-Sentence Motion challenging, inter alia, the legality of his sentence. On February 6, 2017, the trial court entered an Order denying Appellant's Post-Sentence Motion by operation of law. This timely appeal followed.[3]

In his first issue, Appellant challenges the sufficiency of the Commonwealth's evidence supporting his convictions of three counts of

_____

[2] We explained in Newman that, under Alleyne v. United States, 133 S.Ct. 2151 (2013), the factual predicates for imposition of the § 9712.1 mandatory minimum sentence (i.e., that the firearm was found on a drug dealer, an accomplice or in the vicinity of the contraband) "must be pleaded in the indictment, and must be found by the jury beyond a reasonable doubt before the defendant may be subjected to an increase in the minimum sentence." Newman, 99 A.3d at 98.

[3] Although the trial court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement, it issued a Rule 1925(a) Opinion acknowledging the illegality of Appellant's sentence. It did not address Appellant's sufficiency challenge.

PWID, four counts of Possession of drugs, and one count of Person not to Possess Firearms. Because he failed to develop this issue, it is waived.

Appellate briefs must conform to the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. Rule 2119 requires that the argument section "be divided into as many parts as there are questions to be argued" and include "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). When discussing record evidence, the Rules require an appellant to set forth a "reference to the place in the record where the matter referred to appears." Pa.R.A.P. 2119(c). "Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." Umbelina v. Adams, 34 A.3d 151, 161 (Pa. Super. 2011) (citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." Commonwealth v. Kane, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted).

Here, Appellant challenged all eight of his convictions within one section of his Brief. Although he included citations to the elements of the crimes, he neglected to argue with specificity which of the elements of each of the crimes the Commonwealth purportedly failed to prove beyond a reasonable doubt. Additionally, Appellant refers summarily to trial evidence, but fails to provide any citations to the record. He also fails to provide citation to supporting authorities. Because of these significant defects, we

are unable to conduct meaningful review. The sufficiency challenge is, thus, waived, and we affirm Appellant's convictions.

With respect to Appellant's claim that the court sentenced him to an illegal mandatory minimum sentence for his PWID conviction, we agree. Pursuant to this Court's decision in Newman, supra, we vacate Appellant's Judgment of Sentence and remand for the imposition of sentence without consideration of any mandatory minimum sentence provided by Section 9712.1.  Newman, 99 A.3d at 103-04.

Convictions affirmed.  Judgment of Sentence vacated.  Case remanded for resentencing consistent with this Judgment Order.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/11/2017