COMMONWEALTH of Pennsylvania, Appellee

v.

Robert Stephen KANE, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 22, 2010.
Filed Nov. 29, 2010.

Theodore Simon, Philadelphia, for appellant.

Stephanie Austria, Assistant District Attorney, Scranton, for Commonwealth, appellee.

BEFORE: ALLEN, MUNDY and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

This is an appeal from the judgment of sentence imposed following Appellant's convictions of attempted burglary, attempted criminal trespass, terroristic threats, recklessly endangering another person and criminal mischief. Appellant raises multiple issues for our review.

 We first note the following legal principles:

> Normally, issues not preserved in the trial court are waived and cannot be considered on direct appeal. Pa.R.A.P. 302(a). To assist in our determination of whether issues were preserved, an appellant's brief must contain a Statement of Place of Raising or Preservation of Issues. Pa.R.A.P. 2117(c). This statement must specify the point in the proceedings at which the claims were preserved. *Id.* at (1). It must also indicate how those questions were raised (e.g., by trial objection, by pretrial motion). *Id.* at (2). Additionally, the statement must explain the way in which the trial court passed upon the issues. *Id.* at (3). Finally, the statement must cite to the specific parts of the record showing where the matter appears. *Id.* at (4). If an appellant's brief does not include a Statement of Place of Raising or Preservation of Issues, the appellant must then include all of the aforementioned information in the argument section of the brief. Pa.R.A.P. 2119(e).
>
> When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are suf-

ficiently developed for our review. *Commonwealth v. Gould,* 2006 PA Super 348, 912 A.2d 869, 873 (Pa.Super.2006). The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. *Id.;* Pa.R.A.P. 2119(a), (b), (c). Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b).

> This Court will not act as counsel and will not develop arguments on behalf of an appellant. *Gould,* 912 A.2d at 873. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. *Id.;* Pa.R.A.P. 2101.

*Commonwealth v. Hardy,* 918 A.2d 766, 771 (Pa.Super.2007).

 As will become evident by our analysis of Appellant's arguments, his appellate brief suffers from a myriad of maladies due to his failure to comply with the above-described requirements. The appellate brief is the most vital tool in any effort to obtain relief on appeal. Any effort and preparation for appeal are lost if the arguments in the brief are presented improperly, incompletely, or inaccurately. As this Court has stated:

> The principles on which we rely in this opinion all predate its publication. This is to say that the preexisting rules and cases were there to guide counsel. Appellate mandates are not hyper-technical. They are designed to foster the uniform consideration of the substantive issues in all cases. We must not proceed haphazardly—following procedure in one case, ignoring it in another— under the guise of reaching those substantive issues. While doing so might

---

* Retired Senior Judge assigned to the Superior Court.

lead us to resolve the merits in any one matter, it would be unfair to litigants and counsel in so many other cases who do follow the rules. It would also be unfair to those who do not follow the rules and against whom we enforce those rules. Moreover, disregarding procedure would diminish predictability, breed uncertainty and quickly erode the law and order we seek to protect, placing in their stead whim and chaos.

Rules are at the heart of what lawyers do. These rules are written to permit fair adjudications and to engender a sense among the citizenry that their claims will be considered when the rules are followed. We admonish counsel to adhere to the rules.

*Commonwealth v. Flores,* 921 A.2d 517, 526 (Pa.Super.2007).

The trial court provided the following brief summary of the facts of this case:

[Appellant's] charges arose on the evening of March 5, 2008, when [Appellant] went to the victims' home in Scranton, and pounded on the door. When one of the victims asked who it was, [Appellant] replied that it was their worst fucking nightmare, and they should open the door or he would cut it down. He then started a chainsaw and proceeded to cut a gash through the front door. The victims fled out the back door.

Trial Court Opinion, 09/25/09, at 1–2.

 Appellant first challenges the sufficiency of the evidence supporting his convictions. We review such claims as follows:

When evaluating a sufficiency claim, our standard is whether, viewing all the evidence and reasonable inferences in the light most favorable to the Common-

wealth, the factfinder reasonably could have determined that each element of the crime was established beyond a reasonable doubt. This Court considers all the evidence admitted, without regard to any claim that some of the evidence was wrongly allowed. We do not weigh the evidence or make credibility determinations. Moreover, any doubts concerning a defendant's guilt were to be resolved by the factfinder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence.

*Commonwealth v. Habay,* 934 A.2d 732, 735 (Pa.Super.2007) (citations omitted).

Appellant's arguments disregard our standard of review. They are not based on a view of the evidence and its reasonable inferences in the light most favorable to the Commonwealth; rather, they are, **at best,** based on a view of the evidence in a light most favorable to Appellant.[1] Appellant has thus failed to persuade us he is entitled to relief on these claims.

 Appellant next argues the verdicts were against the weight of the evidence.

On this issue, our role is not to consider the underlying question of whether the verdict was against the weight of the evidence. Rather, we are to decide if the trial court palpably abused its discretion when ruling on the weight claim. When doing so, we keep in mind that the initial determination regarding the weight of the evidence was for the factfinder. The factfinder was free to believe all, some or none of the evidence. Additionally, a court must not reverse a verdict based on a weight claim unless

---

1. For instance, Appellant argues, "In fact had the door been opened (and the evidence is consistent therewith) the individual would have sternly told the occupants to behave, be neighborly, and turn down the music." Appellant's Brief at 19.

that verdict was so contrary to the evidence as to shock one's sense of justice.

*Habay,* 934 A.2d at 736–37.

■ "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law." *Commonwealth v. Bradford,* 2 A.3d 628, 632–33 (Pa.Super.2010).

Appellant's argument on this issue consists principally of bald assertions, unsupported by citation to the record in violation of Pennsylvania Rule of Appellate Procedure ("Pa.R.A.P.") 2119(c). We are satisfied the trial court reviewed the evidence in this case and reasonably determined that, in light of that evidence, there was nothing shocking to the conscience about the guilty verdict. We perceive no abuse of discretion in this ruling.

Appellant's third issue is actually four separate issues involving distinct evidentiary and legal concerns. This conflation of multiple issues is in violation of Pa. R.A.P. 2119(a). Appellant challenges: (1) the admission of the testimony of Earl Fedrick; (2) the admission of the testimony of Detective Pappas; (3) the failure of the Commonwealth to preserve the interview notes of Detective Pappas; and (4) the bolstering of the testimony of Cynthia Pruss.

■ Appellant argues Earl Fedrick's testimony should not have been admitted where he was called "solely to circumvent the hearsay rule." Appellant's Brief at 27. However, in his motion in limine seeking the exclusion of Mr. Fedrick's testimony, he argued such exclusion was proper on the sole basis of Pennsylvania Rule of Evidence ("Pa.R.E.") 403/the unfair prejudice of such testimony outweighing its probative value. Accordingly, he has waived the argument he presents on appeal by failing to raise it before the trial court. Pa. R.A.P. 302(a).

■ Appellant argues Detective Pappas's testimony should not have been admitted for the purpose of rebutting Mr. Fedrick's testimony. He also argues the Commonwealth "erred" when it failed to produce Detective Pappas's original interview notes. Appellant's Brief at 30. Appellant fails to identify where these issues were preserved, in violation of Pa.R.A.P. 2119(e). Accordingly, they are waived.

■ In his final argument in this series, Appellant argues the trial court improperly permitted Detective Pappas to bolster the credibility of Commonwealth witness Cynthia Pruss. For this argument, Appellant provides a transcription of the relevant objection at trial; however, he does not provide a citation to the record where the same may be located. Nonetheless, we have located it in the record. On redirect examination of Detective Pappas, the following exchange occurred:

Q [Commonwealth]: Do you have any reason to doubt the statement that Cynthia Pruss gave you with regards to her knowledge and her possession of—

[Defense counsel]: Objection, Your Honor.

THE COURT: Sustained. That is for the ultimate determination by the jury.

Q [Commonwealth]: Did you have any reason to doubt any of the information that Cynthia Pruss gave you?

[Defense counsel]: Objection. It's the same question.

THE COURT: No, we're not talking about the same. Any other information or any other leads. I think that is appropriate. The objection is overruled.

N.T., 01/05/09 and 01/06/09, at 145–46.

■ We review this claim as follows:

The admissibility of evidence is within the sound discretion of the trial court, wherein lies the duty to balance the evidentiary value of each piece of against the dangers of unfair prejudice, inflaming the passions of the jury, or confusing the jury. We will not reverse a trial court's decision concerning admissibility of evidence absent an abuse of the trial court's discretion.

*Commonwealth v. Flor,* 998 A.2d 606, 623 (Pa.2010) (citations omitted).

We agree with Appellant's premise that credibility of witnesses is a matter within the exclusive province of the factfinder. *Commonwealth v. Boich,* 982 A.2d 102, 112 (Pa.Super.2009). However, the question posed by the Commonwealth did not concern Cynthia Pruss's credibility *per se;* rather, it related to Detective Pappas's investigation of this matter and whether, at the point at which he interviewed Ms. Pruss, he had other information or other leads which gave him reason to further investigate. The trial court based its ruling on that specific context; we see no abuse of discretion in the ruling.

Appellant's next issue is again an improper conflation of multiple unrelated issues: (1) whether the trial court should have ordered the production of the arresting officer's disciplinary record; (2) whether the trial court should have precluded evidence of other crimes; and (3) whether the trial court should have denied the Commonwealth's motion in limine concerning the criminal history of two Commonwealth witnesses.

In the first issue of this series, Appellant implicitly argues he was entitled to the production of the officer's disciplinary records based upon certain allegations of overzealousness and threats on the part of the officer. In "support" of this argument, he offers a string of case citations, but no discussion of any legal authority, in violation of Pa.R.A.P. 2119(a). The citations provided do not contain a pinpoint citation or otherwise indicate the principle for which they are cited, in violation of Pa. R.A.P. 2119(b). We decline to respond to a legal argument with which we are not presented.

Appellant next argues that an "alleged prior argument," an "alleged statement 'you don't want to see me mad,'" and an "alleged pelting with eggs of a car and/or the allegation of intentionally parking one car into another" should have been excluded from evidence as prior wrongful acts. Appellant's Brief at 40. Not surprisingly, perhaps, this argument is devoid of citation to the record to show if and where such evidence was admitted and devoid of any further background or discussion of this evidence apart from bald assertions that it was irrelevant and prejudicial. For instance, Appellant argues the statement, "you do not want to see me mad," was made at "another distant time." *Id.* There is no information in this argument concerning a quantification of the amount of time to which he refers, nor is there any discussion of how this evidence was prejudicial. The trial court found that evidence admissible on the basis that it was relevant to establishing motive and identification. Appellant does not refute or discuss this reasoning. We have an insufficient basis upon which to respond to this argument.

In the final argument under this issue, Appellant challenges the trial court's grant of the Commonwealth's motion in limine to exclude evidence of the criminal history of two Commonwealth witnesses. The Commonwealth sought exclusion of the criminal histories of Alan Sardo and Jamie Zaleski because neither witness had been convicted of a crime characterized as *crimen falsi* under Pa.R.E. 609. In his response, Appellant concurred that Jamie Zaleski had no record of *crimen falsi,* but he requested

admission of evidence of Alan Sardo's **arrest** for unauthorized use of an automobile, asserting that such crime was *crimen falsi*. The trial court granted the motion in limine "unless the defense produces proof that said witnesses were **convicted** of crimes of crimen falsi." Trial Court Order, 01/05/09, at ¶ 9 (emphasis added). In his appellate brief, Appellant raises new (unsupported) arguments. Because he did not raise these arguments before the trial court, he may not raise them now. Pa. R.A.P. 302(a).

Appellant's next issue is a catchall asserting that he is entitled to a new trial on the basis of a multitude of listed errors. These errors are principally unsupported with citation to the record and are totally unsupported with legal authority. We will not grant relief on this issue.

 Finally, Appellant raises a series of issues concerning his sentence. He challenges, in varying degrees of specificity, the discretionary aspects of his sentence. Appellant also challenges the legality of his sentence, claiming that it violates the merger doctrine. Concerning the challenges to the discretionary aspects of his sentence, we note the following procedure employed by this Court.

> Before we reach the merits of this case, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Malovich,* 903 A.2d 1247, 1250 (Pa.Super.2006) (citations omitted).

 This appeal is timely; further, Appellant preserved these issues by presenting them in a post-sentence motion. Appellant included in his brief a concise statement of reasons relied upon for allowance of appeal. We thus review the reasons presented therein to determine whether they raise a substantial question that Appellant's sentence was inappropriate under the sentencing code. We review the reasons as follows:

> To convince us a substantial question exists, an appellant needs to advance a colorable argument that the sentencing court's actions were inconsistent with a specific provision of the Sentencing Code or violated a fundamental norm of the sentencing process. More specifically, the statement must explain where the sentence falls in relation to the sentencing guidelines, identify what specific provision of the Code and/or what fundamental norm was violated, and explain how and why the sentencing court violated that particular provision and/or norm.

*Commonwealth v. Feucht,* 955 A.2d 377, 383–84 (Pa.Super.2008) (citations omitted).

Appellant's statement, though lengthy, fails to identify where his sentence fell in relation to the sentencing guidelines. The sole Code provision violation alleged is failure to carefully consider all relevant factors set forth in 42 Pa.C.S.A. § 9721(b). That claim, that the court gave inadequate

consideration to certain mitigating factors, does not raise a substantial question. *See Commonwealth v. Cannon,* 954 A.2d 1222, 1229 (Pa.Super.2008). Accordingly, as he has failed to present us with a substantial question that his sentence was inappropriate under the sentencing code, we deny Appellant's petition for allowance of appeal of the discretionary aspects of his sentence.

Appellant's challenge to the legality of his sentence is based on his assertion that all of his convictions should merge for sentencing purposes where they all stemmed from one criminal act. Our Supreme Court recently clarified the relevant law as follows:

> A plain language interpretation of [42 Pa.C.S.A. § ] 9765 reveals the General Assembly's intent to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other.

*Commonwealth v. Baldwin,* 604 Pa. 34, 985 A.2d 830, 837 (2009).

Thus, even if we accepted Appellant's argument that all of the convictions stemmed from one criminal act, it would not follow that the sentences for those offenses would automatically merge. Despite the critical nature of an analysis of the statutory elements of the offenses to a merger analysis, Appellant offers none. Thus, he has failed to persuade us he is entitled to relief.

Judgment of sentence affirmed.

Judge MUNDY concurs in the result.