J-S35014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THE BANK OF NY MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWABSN INC., ASSET-BACKED CERTIFICATES, SERIES 2006-19 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON E. ROMAN | |
| Appellant | No. 1817 EDA 2014 |

Appeal from the Order Entered May 15, 2014
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2011-C-3755

BEFORE: MUNDY, J., OLSON, J., and PLATT, J.[*]

JUDGMENT ORDER BY MUNDY, J.:                    **FILED JUNE 03, 2015**

Appellant, Jason E. Roman, appeals *pro se* from the May 15, 2014 order entering an *in rem* judgment in mortgage foreclosure in favor of Appellee, Bank of New York Mellon, in the amount of $304,820.48 plus costs and interest. After careful review, we dismiss this appeal for failure to adhere to the Pennsylvania Rules of Appellate Procedure.

Appellate briefs must conform to the Rules of Appellate Procedure. Pa.R.A.P. 2101. Rule 2119 requires that the "argument shall be divided into as many parts as there are questions to be argued" and include "such

_____

[*] Retired Senior Judge assigned to the Superior Court.

discussion and citation of authorities as are deemed pertinent." *Id.* at 2119(a). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Umbelina v. Adams*, 34 A.3d 151, 161 (Pa. Super. 2011), *appeal denied*, 47 A.3d 848 (Pa. 2012), *quoting* *In re W.H.*, 25 A.3d 330, 339 (Pa. Super. 2011), *appeal denied*, 24 A.3d 364 (Pa. 2011); *see also* Pa.R.A.P. 2119(a). Further, "if the defects are in the brief of the appellant … and are substantial, the appeal … may be … dismissed." Pa.R.A.P. 2101.

Instantly, Appellant presents 11 issues on appeal, but fails to divide his argument section in accordance with Rule 2119(a). Additionally, Appellant's brief is nine pages of single-spaced argument with no citations to authority or references to the record. Appellant's Brief at 4-12.[1] "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted), *appeal denied*, 29 A.3d 796 (Pa. 2011). Further, while this Court will construe *pro se* materials liberally, "*pro se* status confers no special benefit on an appellant." *Id.* at 1211-1212.

Based on the foregoing, we deem these defects in Appellant's brief to be sufficiently substantial to preclude any meaningful appellate review.

---

[1] Because Appellant's brief does not contain pagination, we have assigned each page a corresponding sequential number.

Accordingly, we elect to exercise our discretion under Rule 2101, and dismiss this appeal.[2]

Appeal dismissed. Motion for extension of time denied. Motion for continuance denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2015

_____

[2] We note that Appellant has filed two motions with this Court during the pendency of this appeal. The first, filed on May 8, 2015, requested an extension of time for Appellant to file a reply brief. The second, filed on May 15, 2015, requested a continuance on the basis that the Appellees are "Masters of confusion" and that he "needs additional time to put forth an appeal." Appellant's Motion for Continuance, 5/15/15 at 1. We deny both of Appellant's motions based on his failure to file an initial brief in compliance with the Pennsylvania Rules of Appellate Procedure, as neither of these actions could cure this procedural defect.