J-S70022-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH SCOTT WILSON, JR., | : | |
| | : | |
| Appellant | : | No. 1826 EDA 2015 |

Appeal from the Judgment of Sentence May 12, 2015,
Court of Common Pleas, Montgomery County,
Criminal Division at No. CP-46-CR-0004884-2013

BEFORE: DONOHUE, LAZARUS and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED NOVEMBER 25, 2015**

Joseph Scott Wilson, Jr., ("Wilson") appeals from the May 12, 2015

judgment of sentence entered by the Montgomery County Court of Common

Pleas following his guilty plea to one count of fleeing or attempting to elude

police.[1]   On appeal, he raises a challenge to a discretionary aspect of his

sentence.  We affirm.

The trial court provided the following summary of the factual and

procedural histories of this case:

> At the plea hearing, [Wilson] admitted that, on
> April 13, 2013, in Whitpain Township, Montgomery
> County, while under the influence of synthetic
> marijuana, he fled from police in a vehicle through
> several business parking lots at speeds of up to 40
> miles per hour. (N.T. 10/31/2014, pp. 7-8) This
> court subsequently sentenced [Wilson] on January
> 13, 2015, to three to seven years in prison.

---

[1]  18 Pa.C.S.A. § 3733(a), (a.2)(2)(i).

*Retired Senior Judge assigned to the Superior Court.

[Wilson], through new counsel, filed a post-sentence motion on January 22, 2015. He asserted that he had been denied his constitutional right to counsel at his sentencing hearing and sought to have his sentence modified or reconsidered. This court granted reconsideration, held a resentencing hearing on May 12, 2015, and resentenced [Wilson] to three to seven years in prison.

[Wilson] filed another post-sentence motion to modify the sentence, which this court denied in an order dated June 4, 2015. He filed a timely notice of appeal and complied with this court's directive to produce a concise statement of errors in accordance with Pennsylvania Rule of Appellate Procedure 1925(b).

Trial Court Opinion, 8/3/15, at 1-2.

On appeal, Wilson raises one issue for our review:

Whether the trial court abused its discretion in imposing a sentence at the highest end of the [s]tandard [g]uideline [r]ange of three [] to seven [] years of incarceration for [f]leeing and [e]luding [o]fficer in that the sentence is inconsistent with the Sentencing Code, and unreasonable and excessive based upon the nature and circumstances of the offense, the history and characteristics of the defendant, as well as the findings upon which the sentence was based?

Wilson's Brief at 4.

As stated above, this presents a challenge to the discretionary aspects of Wilson's sentence, which, as Wilson acknowledges, is not subject to our review as a matter of right. Rather, "[a]n appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary

aspects of a sentence." ***Commonwealth v. Tejada***, 107 A.3d 788, 797

(Pa. Super. 2015) (citation omitted). This requires the appellant to satisfy

all of the following:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Id.*** (citation omitted).

The record reflects that Wilson satisfied the first three prerequisites for

our review of the issue raised. In his 2119(f) statement, he purports to

raise two substantial questions. He asserts that the trial court failed to

consider the additional mitigating evidence presented at his second

sentencing hearing, as the trial court imposed a sentence identical to the

one it handed down at the original sentencing hearing when it did not have

the benefit of this additional evidence in mitigation. Wilson's Brief at 22. As

we have previously held, this does not present a substantial question for our

review. ***See Commonwealth v. Kane***, 10 A.3d 327, 335-36 (Pa. Super.

2010).

Wilson further asserts that the sentence is excessive as the trial court

failed to consider his rehabilitative needs and the circumstances of the crime

committed. Wilson's Brief at 21-22. This raises a substantial question for

our review. **See Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) (en banc).

We review a discretionary sentencing challenge for an abuse of discretion. **Id.** An abuse of discretion requires the appellant to prove, based on the record, "that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Id.** (citation omitted).

As Wilson's sentence is within the sentencing guidelines, we may only reverse the trial court if we find that the circumstances of the case rendered the application of the guidelines "clearly unreasonable." 42 Pa.C.S.A. § 9781(c). Our determination of reasonableness is based upon the factors contained in 42 Pa.C.S.A. § 9781(d) and our review of the trial court's consideration of the general sentencing standards contained in 42 Pa.C.S.A. § 9721(b). **Commonwealth v. Baker**, 72 A.3d 652, 663 (Pa. Super. 2013), *appeal denied*, 86 A.3d 231 (Pa. 2014). Section 9781(d) states:

> In reviewing the record the appellate court shall have regard for:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).  Section 9721(b) states, in relevant part:

> In selecting [the sentence to be imposed], the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing … .  ... [T]he court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b).

Here, Wilson argues that the trial court failed to consider the circumstances of the offense and his rehabilitative needs.  Our review of the record belies both contentions.  At his second sentencing hearing, Wilson called to testify on his behalf Raymond Van Haute ("Van Haute"), an outreach program volunteer who had met with Wilson several times over the preceding six months.  Van Haute testified, in relevant part, that Wilson would benefit from "a formal program of rehabilitation" during his incarceration, including "anger management courses and therapy."  N.T., 5/12/15, at 7.  Wilson also presented a PPI evaluation conducted by Clint Sickel ("Sickel"), Probation/Parole Coordinator for Rise Above, which likewise recommended that if Wilson received a sentence of incarceration, that he receive treatment for his mental health and drug addiction.  PPI Evaluation,

4/1/15, at 5. Specifically, Sickel recommended that incarceration occur in SCI Chester to meet those needs, and that he attend AA and NA meetings while there and once paroled. *Id.*

When handing down Wilson's sentence, the trial court expressly stated that it considered the nature of the offense committed. N.T., 5/12/15, at 25. It determined that, based upon Wilson's history, which included numerous prior felony convictions, "there is an undue risk that during the period of probation or partial confinement that [Wilson] will commit another crime, that [Wilson is] in need of correctional treatment that can be provided most effectively by your commitment to an institution." *Id.* It further found that "[a] lesser sentence would depreciate the seriousness of [Wilson]'s crime," and on that basis, determined "that a sentence [of] total confinement is proper." *Id.* In consideration of, inter alia, Sickel's recommendations and Van Haute's testimony, the trial court ordered that Wilson serve his sentence in SCI Chester and "be considered for a dual-diagnosis program." *Id.*

The trial court considered the factors contained in section 9721(b) and imposed a sentence that accounted for the protection of the public as well as Wilson's rehabilitative needs. 42 Pa.C.S.A. § 9721(b). Based upon our review of the record and the trial court's consideration of Wilson, his history, and his admitted need for drug and alcohol and mental health treatment, we have no basis to conclude that the guideline sentence imposed was clearly

- 6 -

unreasonable. 42 Pa.C.S.A. § 9781(c), (d). Finding no abuse of discretion, we affirm Wilson's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2015