J-S01021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTATE OF WALTER LEE HINES, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| APPEAL OF: MATTHEW J. SMITH | No. 1264 EDA 2015 |

Appeal from the Order Entered March 13, 2015
In the Court of Common Pleas of Philadelphia County
Orphans' Court at No(s): Control No. 155053
O.C. No. 1188 DE of 2013

BEFORE:  GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

JUDGMENT ORDER BY MUNDY, J.:                    **FILED JANUARY 20, 2016**

Appellant, Matthew J. Smith, appeals *pro se* from the March 13, 2015 order dismissing his petition for accounting of trust and for removal of trustee.  After careful review, we dismiss this appeal for failure to adhere to the Pennsylvania Rules of Appellate Procedure.

Appellate briefs must conform to the Rules of Appellate Procedure. Pa.R.A.P. 2101.  Rule 2119 requires that the "argument shall be divided into as many parts as there are questions to be argued" and include "such discussion and citation of authorities as are deemed pertinent."  **Id.** at 2119(a).  "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."

*Umbelina v. Adams*, 34 A.3d 151, 161 (Pa. Super. 2011), *appeal denied*, 47 A.3d 848 (Pa. 2012), *quoting* **In re W.H.**, 25 A.3d 330, 339 (Pa. Super. 2011), *appeal denied*, 24 A.3d 364 (Pa. 2011); **see also** Pa.R.A.P. 2119(a). Further, "if the defects are in the brief of the appellant … and are substantial, the appeal … may be … dismissed." Pa.R.A.P. 2101.

Instantly, Appellant presents 12 issues on appeal, but fails to divide his argument section in accordance with Rule 2119(a). Additionally, Appellant's brief contains two pages of single-spaced argument with no citations to legal authority or references to the record. Appellant's Brief at 19-20.[1] "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted), *appeal denied*, 29 A.3d 796 (Pa. 2011); **see also** Pa.R.A.P. 2119(b)-(c). Further, while this Court will construe *pro se* materials liberally, "*pro se* status confers no special benefit on an appellant." **Id.** at 1211-1212.

Based on the foregoing, we deem these defects in Appellant's brief to be sufficiently substantial to preclude any meaningful appellate review.[2]

---

[1] Because Appellant's brief does not contain pagination, we have assigned each page a corresponding sequential number.

[2] We note that Appellant has also filed a reply to the Appellee's brief in this appeal, which contains 10 additional issues and a longer argument section. This cannot cure the defects in Appellant's principal brief. **See Commonwealth v. Collins**, 957 A.2d 237, 256 (Pa. 2008) (noting that a
*(Footnote Continued Next Page)*

Accordingly, we elect to exercise our discretion under Rule 2101, and dismiss this appeal.

Appeal dismissed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2016

*(Footnote Continued)* ————————————

reply brief cannot cure a previously waived claim); **see also** Pa.R.A.P. 2113(a) (stating the purpose of a reply brief is to respond to "matters raised by appellee's brief or in any amicus curiae brief and not previously addressed in appellant's brief[]").