J-A25008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRONE GALVESTON MORRIS | |
| Appellant | No. 385 EDA 2017 |

Appeal from the Judgment of Sentence imposed December 27, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0003544-2015

BEFORE:  OTT, STABILE, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 12, 2018**

Appellant, Tyrone Galveston Morris, appeals from his judgment of sentence for driving under the influence of a controlled substance ("DUI"), 75 Pa.C.S. § 3802(d)(2).  We affirm.

On February 25, 2015, Appellant was arrested for DUI and related charges following a traffic stop in Bala Cynwyd, Pennsylvania.  Appellant filed a motion to suppress, which the trial court denied after two days of hearings.  Following a bench trial on December 27, 2016, the trial court found Appellant guilty of DUI -- driving under the influence of a controlled substance and guilty of driving without rear lights, a summary offense.  The trial court sentenced

---

[*] Former Justice specially assigned to the Superior Court.

Appellant to seventy-two hours to six months in jail for DUI and fined him $25.00 for the summary offense. Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises two issues in this appeal:

I. The trial court erred in its denial of [Appellant's] motion to suppress the field sobriety tests as there was no reasonable grounds to believe the arresting officer had probable cause to warrant [Appellant's[ stop.

II. The trial court erred in finding there was sufficient evidence to maintain [Appellant's] conviction of [DUI] when the Commonwealth failed to establish he was under the influence to a degree which impaired his ability to safely operate a vehicle.

Appellant's Brief at 7.

In his first argument, Appellant contends that the arresting officer lacked probable cause to stop Appellant's vehicle. We disagree.

We review a challenge to an order denying suppression of evidence as follows:

Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law

to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Baker*, 24 A.3d 1006, 1015 (Pa. Super. 2011) (internal citations and quotation marks omitted). Our scope of review is limited to the record of the suppression hearing. *In re L.J.*, 79 A.3d 1073, 1087 (Pa. 2013).

The trial court summarized the evidence adduced during Appellant's suppression hearing as follows:

> Officer Kondan had worked for the Lower Merion Police Department for eight years as a Road Patrol Officer on the night of the stop. On February 25, 2015, the officer testified that while driving [n]orthbound, he saw a blue Chevy Tahoe drive [s]outhbound[,] and when the officer looked in his side view mirror[,] he noticed the rear registration plate light was not working from two lanes away, approximately twenty-five feet. The officer made a U-turn and stopped the vehicle. When the officer approached, he encountered [Appellant].
>
> The Commonwealth played a video from the night in question, but [the video did not make clear] whether the plate was illuminated . . . as the headlights of the officer's car illuminated the license plate. However, the officer testified that he verified that the lights were out when he "rolled up directly behind the vehicle." This Court found that the officer had no reason to lie and was credible.

Trial Court Opinion, 3/9/17, at 4 (citation omitted). Having carefully reviewed the record, we conclude that the record supports the trial court's factual findings.

The Vehicle Code provides that "[w]henever a police officer . . . has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle." 75 Pa. C. S. § 6308 (b). The reasonable suspicion standard, however, applies only to stops that serve an investigatory purpose.

When the suspected violation of the Vehicle Code does not require investigation, the stop requires probable cause. *Commonwealth v. Feczko*, 10 A.3d 1285, 1290 (Pa. Super. 2010) (quoting *Commonwealth v. Chase*, 960 A.2d 108, 115-16 (Pa. 2008)) ("A vehicle stop based solely on offenses not investigable cannot be justified by a mere reasonable suspicion . . . An officer must have probable cause to make a constitutional vehicle stop for such offenses").

In this case, the lighting violation did not require further investigation; the light was not working when the officer saw it. Thus, he needed probable cause to initiate the stop. "[P]robable cause does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most likely inference." *Commonwealth v. Lindblom*, 854 A.2d 604, 607 (Pa. Super. 2004)). The trial court properly denied suppression because Officer Kondon had probable cause to stop Appellant for violating the general lighting requirements of the Vehicle Code, which requires that "[e]very vehicle be equipped with a rear lighting system including [among others, a] license plate light[.]" 75 Pa. C.S. § 4303(b). Officer Kondon had probable cause to believe that Appellant violated Section 4303(b) when he observed that Appellant's rear license plate light was not functioning from approximately twenty-five feet away. Officer Kondon also followed Appellant's car until he was directly behind the vehicle and verified that neither of the rear lights were functioning. *See Commonwealth v. Salter*, 121 A.3d 987, 993

(Pa. Super. 2015) (officer had probable cause to stop defendant when he observed defendant's license plate lamp was not functioning). Thus, Appellant's first argument fails.

In his second argument, Appellant challenges the sufficiency of the evidence underlying his conviction for DUI.

When evaluating a sufficiency claim,

> our standard is whether, viewing all the evidence and reasonable inferences in the light most favorable to the Commonwealth, the factfinder reasonably could have determined that each element of the crime was established beyond a reasonable doubt. This Court considers all the evidence admitted, without regard to any claim that some of the evidence was wrongly allowed. We do not weigh the evidence or make credibility determinations. Moreover, any doubts concerning a defendant's guilt were to be resolved by the factfinder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence.

***Commonwealth v. Kane***, 10 A.3d 327, 332 (Pa. Super. 2010).

Section 3802(d)(2) provides:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances . . . [t]he individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

Expert testimony is not necessary in prosecutions under this statute. Our Supreme Court has held:

> [W]e decline to read into subsection 3802(d)(2) a mandatory requirement for expert testimony to establish that the defendant's inability to drive safely was caused by ingestion of a drug, even if it is a prescription drug, or drug combination. We do not dispute that in some cases, depending on the specific facts and circumstances, expert testimony may be helpful, or perhaps even

> necessary, to prove causation under subsection 3802(d)(2), but we decline to hold that the need for expert testimony is inherent in the statutory provision and thus mandatory in all cases.

***Commonwealth v. Griffith***, 32 A.3d 1231, 1238 (Pa. 2011). The observations of a police officer can be sufficient to sustain a conviction under this provision. ***Id.*** at 1240 (evidence was sufficient to support conviction for DUI under Section 3802(d)(2), where experienced police officer closely observed defendant's behavior, demeanor, unsteadiness, and inability to perform field sobriety tests, defendant admitted taking one prescription medication in morning of day of her arrest, and two other Schedule IV controlled substances were detected in her blood); ***Commonwealth v. Graham***, 81 A.3d 137, 146-47 (Pa. Super. 2013) (evidence was sufficient to support finding that defendant's impairment which rendered her unable to drive safely was caused by the combined influence of alcohol and a drug or combination of drugs; police officer who had received extensive training with respect to recognizing signs and behaviors of individuals driving under the influence observed defendant's erratic driving behavior, unsteadiness, and inability to perform field sobriety tests, defendant refused to submit to a chemical test of her blood and justified her refusal based upon her fear that her prescription medications were going to "come up" in her blood test, and defendant admitted that she took three prescription medications on day she was arrested to treat her bipolar disorder and depression).

In this case, the trial court accurately summarized the evidence as follows:

Officer Kondan had eight years of experience and training in field sobriety tests including an advanced field sobriety class for drug impaired driving. The officer had approximately three hundred arrests of which approximately one hundred were drug related. Officer Kondan stopped the vehicle because the rear license plate light was out in violation of the Motor Vehicle Code and proceeded to approach the driver. [Appellant] appeared to be impaired when the officer approached the car, [his] eyes were bloodshot and glassy, his speech was slightly slurred, and his hands were trembling. The officer detected the odor of fresh and burnt marijuana inside the vehicle. When questioned, [Appellant] eventually stated that he had smoked marijuana earlier in the day in the back of the car after originally denying smoking. Officer Kondan later found scattered traces of marijuana on the floor of the vehicle.

Officer Kondan had [Appellant] perform the Horizontal Gaze Nystagmus Test and the nine step walk and turn test. [Appellant] lost his balance during the instructional period, didn't follow instructions, started the test too soon, and didn't perform the correct turn. Officer Kondan also indicated that during the one-leg stand, [Appellant] missed a count and completed the test too early. [Appellant] also failed the Lack of Convergence test when his right eye failed to converge on the stimulus. All signs were consistent with the use of marijuana. Finally, during the Romberg balance test, [Appellant] had eyelid tremors which are indicative of marijuana use according to Officer Kondan's training and experience. Therefore, Officer Kondan believed [Appellant] was too impaired to safely operate the vehicle. [Appellant] did not violate any traffic law other than the rear license plate light being out during the time the officer observed him, and [Appellant] claimed he was nervous and had been working all day which he claimed accounted for the shaking of his hands and bloodshot eyes.

Officer Hatton also responded to the location where [Appellant] was stopped. Office Hatton observed shaking hands, bloodshot and glassy eyes, slurred speech, and an odor of burnt marijuana coming from [Appellant]'s person and his car. Officer Hatton had been a police officer for slightly less than five years, had

conducted around fifteen to twenty DUI arrests and around a third of those were drug related. Officer Hatton also had field sobriety test training and observed the testing conducted by Officer Kondan, and based on his observations felt that [Appellant] was impaired to the point where it would be unsafe for him to operate a car.

Trial Court Opinion, 3/9/17, at 9-10 (citations omitted). This evidence is equivalent to the evidence adduced against the defendants in **Griffith** and **Graham.** Accordingly, we conclude that the evidence is sufficient to sustain Appellant's conviction under Section 3802(d)(2).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/18