J-S37017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE GALMAN GROUP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KATHRYN SWIFT | : | |
| | : | |
| Appellant | : | No. 1113 EDA 2019 |

Appeal from the Order Entered April 2, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2017-21827

BEFORE: SHOGAN, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY NICHOLS, J.:                           Filed: October 1, 2020

Appellant Kathryn Swift appeals *pro se* from the trial court's order denying her motion for special relief and dismissing the case with prejudice. Because of numerous defects in Appellant's brief, we dismiss the appeal.

The trial court's opinion sets forth the background and procedural history, which is unnecessary for our disposition. *See* Trial Ct. Op., 4/22/20, at 1-5.  In relevant part, on April 2, 2019, the trial court denied Appellant's motion for special relief and dismissed the case with prejudice. Order, 4/2/19.  On April 15, 2019, Appellant timely appealed.  The trial court ordered Appellant to comply with Pa.R.A.P. 1925(b), but Appellant filed an

untimely Rule 1925(b) statement.[1]  Appellant subsequently filed a petition to file a Rule 1925(b) statement *nunc pro tunc*.  The trial court's Rule 1925(a) opinion noted that it granted Appellant's petition.  Trial Ct. Op. at 5 n.4 (noting Appellant could not timely comply as she was in prison).

Appellant's appellate brief does not list any issues and includes only a summary and an argument section.  Appellant's Brief at 14-18, 20-23 (unpaginated).  Appellant's brief is difficult to understand, but she appears to be arguing that she was not given notice of a November 17, 2017 hearing on her emergency petition to stay eviction and therefore she could not properly advocate her position.[2]  *Id.* at 16, 23.  She also appears to be requesting a trial *de novo* and an explanation as to how she broke the lease. *Id.* at 20-22.  Appellee did not file a brief.

> Initially, we note that
>
> it is an appellant's duty to present arguments that are sufficiently developed for our review.  The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities.  Citations to authorities must articulate the principles for which they are cited.
>
> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief

---

[1] Although Appellant's Rule 1925(b) statement purports to raise thirty-seven issues, we liberally construe her statement as a recitation of the facts and raising only a few issues.

[2] Appellant has long since been evicted from Appellee's property.  **See** Trial Ct. Op. at 4.

impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted).

Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of Court; if there are considerable defects, we will be unable to perform appellate review.

***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1037-38 (Pa. Super. 2018) (citations and quotation marks omitted), *appeal denied*, 217 A.3d 793 (Pa. 2019), *cert. denied*, 140 S. Ct. 1147 (2020).

Here, we have carefully reviewed Appellant's brief and find the defects to be substantial. Appellant fails to develop any of her arguments by applying any legal principles to her case. ***See*** Pa.R.A.P. 2119(a). Significantly, Appellant's argument section does not contain citations to, or appropriate analyses of, any legal authority. ***See id.*** Although we liberally construe Appellant's *pro se* brief, we are barred from acting as her counsel and advancing her arguments. ***See Vurimindi***, 200 A.3d at 1037-38; ***Kane***, 10 A.3d at 331. Accordingly, we are reluctantly constrained to dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/1/20</u>