J-A24030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| XAVIER MCGHEE | : | |
| | : | |
| Appellant | : | No. 850 EDA 2021 |

Appeal from the PCRA Order Entered April 13, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002753-2019

BEFORE:   LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY DUBOW, J.:                 **FILED JANUARY 7, 2022**

Appellant, Xavier McGhee, appeals *pro se* from the Order entered in the

Court of Common Pleas of Bucks County granting his counsel's application to

withdraw and denying without a hearing his petition filed pursuant to the Post

Conviction Relief Act, 42 Pa.C.S. §§ 9541-46. Upon review, we dismiss this

appeal.

A detailed recitation of the factual and procedural history of this case is

unnecessary to our disposition.[1] Appellant's *pro se* brief fails to conform to the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Briefly, on January 7, 2020, Appellant entered a negotiated guilty plea with the Commonwealth. The trial court accepted Appellant's plea and sentenced him to the negotiated 8-to-20-year term of incarceration. On October 13, 2020, Appellant filed the instant PCRA petition, his first. The court appointed counsel who, on February 3, 2021, filed a **Turner**/**Finley** no-merit letter and application to withdraw. On April 14, 2021, after giving notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's petition without a hearing and granted counsel's application to withdraw.

basic requirements of appellate advocacy and we are, therefore, unable to conduct meaningful appellate review.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." **Commonwealth v. Martz**, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted). **See** Pa.R.A.P. 2111(a) (listing briefing requirements for appellate briefs, including a "separately and distinctly entitled . . . argument for appellant") and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). When issues are not properly raised and developed in briefs with arguments that are sufficiently developed for our review, we may dismiss the appeal or find certain issues waived. **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007). **See** Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted).

Appellant's brief is woefully inadequate. Most significantly, the brief wholly lacks an argument section and, as a result, Appellant has not analyzed any issues with reference to the record and controlling legal precedent.[2] This

---

[2] Appellant's brief contains a section titled "summary of argument" that is likewise devoid of substantive argument. **See** Appellant's Br. at 13 (unpaginated). Appellant merely asserts, baldly and without references to the record or legal authority, that the PCRA court should have held a hearing on his allegation of trial counsel ineffectiveness. **Id.**

briefing deficiency fatally hampers our ability to consider Appellant's issues on appeal. Accordingly, we dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/2022