J-S31012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :           PENNSYLVANIA
                                   :
          v.                      :
                                   :
                                   :
ELENI DISABATINO                :
                                   :
          Appellant          :   No. 1242 EDA 2022

Appeal from the Judgment of Sentence Entered December 22, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0004132-2019

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:              **FILED OCTOBER 18, 2022**

Eleni DiSabatino appeals from the December 22, 2021 judgment of sentence of three years probation with $4,622.64 restitution, which was imposed following her convictions for theft by unlawful taking and related offenses.  We affirm.

The trial court aptly summarized the factual history as follows:

> Pebble Pools ("Pebble") was a company that constructed and renovated swimming pools.  It was located at 425 East Linfield Road, Royersford, Montgomery County, Pennsylvania.  Chris Garofolo, Sr.'s father established Pebble in 1978.  Chris Garofolo, Sr. was a part-owner of Pebble from its inception until it folded in May or June of 2018.  He assumed control of Pebble's operation in 2016.
>
> [Appellant] worked for Pebble as a bookkeeper/secretary/receptionist from September 5 of 2013 or 2014 until approximately June 2018 when it folded.  During this

_____

[*] Former Justice specially assigned to the Superior Court.

period, [Appellant] was authorized to use Pebble's Chase credit cards ending in 0706 and 7535 to purchase products for the business. However, [Appellant] was not authorized to use Pebble's credit cards for personal purchases or to ship any purchases to her home address (2 Featherbed Lane, Audubon, PA 19403).

Allison Garofolo, Chris Garofolo, Sr,'s daughter, began reviewing Pebble's records in approximately August 2018 in conjunction with Pebble's bankruptcy filing. As part of her review, Ms. Garofolo discovered a series of emails from Amazon that had been sent to [Appellant's] business email address for purchases unrelated to Pebble's business. At that point, Ms. Garofolo examined Pebble's Chase credit card statements and verified that these purchases were made with Pebble's credit cards.

Detective Sean Franchini ("Det. Franchini") of the Upper Providence Township Police Department obtained from Amazon a spreadsheet that lists all available records relating to Pebble's Chase Bank Visa credit cards ending in 0706 and 7535. Det. Franchini and Ms. Garofolo examined the spreadsheet together, and Det. Franchini highlighted the items related to business purposes.

[Appellant], without authorization, used Pebble's Chase credit cards ending in 0706 and 7535 to purchase products for her personal use. Furthermore, without authorization, she had these items shipped to her home address. A review of Exhibit C-6 reveals that [Appellant's] personal purchases included the following items: skincare products, vehicle parts/products, beds, stationery products, women's clothing, and women's sneakers.

There were a few inconsistencies between the Amazon spreadsheet and the Chase credit card statements. For example, Row 106 on the spreadsheet lists the purchase of an Apple watch using the Chase credit card ending in 7535. However, this charge does not appear on the Chase credit card statements.

As part of the police investigation of this case, [Appellant] sent Det. Franchini an email purportedly sent from Chris Garofolo, Jr.[1] to [Appellant] on May 11, 2017 in which Mr. Garofolo authorizes [Appellant] to order phone cases. When Det. Franchini reviewed Chris Garofolo, Jr.'s email account, he did not see such an email sent by Mr. Garofolo.

- 2 -

_____

[1] Chris Garofolo, Jr. served as Pebble's corporate secretary from approximately March 2016 until it folded in 2018.

Trial Court Opinion, 6/3/22, at 1-3 (citations omitted).

Appellant was charged with theft by unlawful taking, access device fraud, receiving stolen property, unsworn falsification to authorities, and tampering with or fabricating physical evidence. On September 28, 2021, Appellant proceeded to a non-jury trial at which she testified, conceding that the disputed items were sent to her home. *See* N.T. Non-Jury Trial, 9/28/21, at 168. However, she nonetheless asserted that she only made authorized purchases for office related items with the company credit card. *Id*. at 154-59. To the extent items unrelated to Pebbles business were acquired and shipped to her home, Appellant speculated that other employees made those purchases. *Id*. at 168. At the conclusion of trial, the trial court took the matter under advisement. On September 30, 2021, the court acquitted Appellant of receiving stolen property. The trial court found Appellant guilty of the remaining charges. On December 29, 2021, the trial court issued the aforementioned sentence. Appellant filed a timely post-sentence motion, which was denied. This timely appeal followed. Both Appellant and the trial court have complied with the mandates of Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

Was the verdict against the weight of the evidence in light of the numerous discrepancies between Amazon records introduced by the Commonwealth and the Chase credit card statements of the

complainants as well as the bias of the Commonwealth witnesses who did not raise concerns with the purchases in question until Pebble Pools had filed for bankruptcy?

Appellant's brief at 3.

Appellant seeks a new trial on the ground that the verdicts were against the weight of the evidence. *Id*. at 8-11. Such a claim is addressed in the first instance to the discretion of the trial court. As we explained in *Commonwealth v. Stokes*, 78 A.3d 644, 650 (Pa.Super. 2013):

> A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence, do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Id*. In short, a trial court should not overturn a verdict on this basis unless "it is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Cash*, 137 A.3d 1262, 1270 (Pa. 2016).

Our standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict

- 4 -

was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (internal citations omitted; emphasis omitted). "An abuse of discretion is not a mere error in judgment but, rather, involves, bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law." *Commonwealth v. Kane*, 10 A.3d 327, 333 (Pa.Super. 2010).

Appellant argues that the verdict was against the weight of the evidence because there were discrepancies between Amazon's records and Pebble's Chase credit cards statements. *See* Appellant's brief at 10. Also, Appellant alleges that the Commonwealth's witnesses were biased because they did not raise concerns with the purchases until after Pebble had filed for bankruptcy. *Id*. The trial court, in denying Appellant's claim, addressed Appellant's arguments as follows:

> In the instant case, the evidence presented by the Commonwealth aptly supported the [c]ourt's verdict. Moreover, in its posture as the fact-finder in this case, the Court was free to believe all, part, or none of the evidence presented. *See Commonwealth v. James*, 46 A.3d 776, 779 (Pa.Super. 2012). While there were a few inconsistencies between the Amazon spreadsheet (Exhibit C-1) and Pebble's Chase credit card statements (Exhibit C-5) such as the inexplicable reason the charge for the Apple watch (Row 106 on Exhibit C-1) did not appear on Pebble's Chase credit card statements, the purchases listed on the spreadsheet for which the [c]ourt found [Appellant] guilty appeared on the Chase credit card statements (which items were delivered to [Appellant's] residence).
>
> Moreover, the [c]ourt found the Commonwealth's witnesses to be credible and [Appellant] to be incredible. The [c]ourt gave credence to Chris Garofolo, Sr.'s testimony that: (1) he did not

- 5 -

authorize [Appellant] to use Pebble's credit cards to make personal purchases and (2) he did not authorize [Appellant] to ship purchases to her house. Furthermore, the [c]ourt found Chris Garofolo, Jr.'s testimony credible when he stated that he did not send the email dated May 11, 2017 (Exhibit C-4) to [Appellant].

Finally, as to any claim that the company did not raise concerns about [Appellant's] purchases until it filed [for] bankruptcy, the [c]ourt found credible the explanation that the company trusted [Appellant] as their bookkeeper and only began a review of their records as necessitated because of the bankruptcy filing (which revealed [Appellant's] deceitful actions). The records which the [c]ourt reviewed in detail at trial clearly established that [Appellant] made unauthorized purchases on Pebble's credit cards for personal items which were delivered to her home totaling $4,622.64.

Trial Court Opinion, 6/3/22, at 5-6.

Our review of the record reveals no indication of bias or ill-will on the part of the trial court in its analysis. Appellant is merely rehashing the arguments she made at trial, which the trial court rejected, as was its prerogative. *See Williams v. Taylor*, 188 A.3d 447, 450 (Pa.Super. 2018) (stating that the trial court, as the finder of fact in a non-jury trial, "is free to believe all, part or none of the evidence presented, and this Court will not disturb his credibility determinations."); *see also Commonwealth v. Flor*, 998 A.2d 606, 626 (Pa. 2010) (emphasizing that "credibility determinations rest solely within the purview of the fact-finder"); *see also* N.T. Non-Jury Trial, 9/28/21, at 183-85 (questioning the reliability of the Amazon spreadsheet due to inconsistencies with the Chase spreadsheet in closing argument); *id*. at 186-87 (finding "it highly skeptical" that the Garafolos were unaware of these purchases until they began bankruptcy proceedings).

Accordingly, we find that the trial court did not abuse its discretion by denying relief on Appellant's weight claim, and Appellant is entitled to no relief.  We therefore affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2022