J-S44024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMIRJON BABAEV | : | |
| | : | |
| Appellant | : | No. 2127 EDA 2025 |

Appeal from the PCRA Order Entered July 16, 2025
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0000827-2024

BEFORE: LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED MARCH 11, 2026**

Appellant Amirjon Babaev appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Upon review, we dismiss this appeal.

A detailed recitation of the factual and procedural history of this case is unnecessary to our disposition.[2] Appellant's *pro se* brief fails to conform to

---

[1] 42 Pa.C.S. §§ 9541-46.

[2] Briefly, on August 6, 2024, while represented by private counsel and with the assistance of a Russian-language interpreter, Appellant entered a negotiated plea of *nolo contendre* to one count of Rape by Forcible Compulsion in connection with the rape of woman at knifepoint in the cab of his work tractor-trailer on January 21, 2024. The court accepted his plea and imposed the negotiated sentence of 3 to 7 years' incarceration. On December 19, 2024, Appellant filed the instant PCRA petition, his first. The court appointed counsel who filed a ***Turner*/*Finley*** no merit letter addressing Appellant's petition and a motion to withdraw. On June 5, 2025, the PCRA court filed a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing

*(Footnote Continued Next Page)*

the basic requirements of appellate advocacy and we are, therefore, unable to conduct meaningful appellate review.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted); *see* Pa.R.A.P. 2111(a) (listing briefing requirements for appellate briefs, including a "separately and distinctly entitled . . . [a]rgument for appellant") and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). When issues are not properly raised and developed in briefs with arguments that are sufficiently developed for our review, we may dismiss the appeal or find certain issues waived. *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007); *see* Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted).

Appellant's brief is woefully inadequate. Although Appellant raises five issues in his brief, Appellant has not separated his argument under distinct

---

and granted counsel's motion to withdraw. Appellant filed a *pro se* response to the Rule 907 notice on July 8, 2025. On July 16, 2025, the PCRA court dismissed Appellant's petition.

headings for each issue raised. *See* Appellant's Br. at 11-15.[3]  Rather, following a self-serving recitation of the incident underlying his arrest and the alleged coercion of his videotaped confession that preceded the entry of his *nolo contendre* plea,[4] Appellant provides one section titled "Legal Argument" which contains five pages of boilerplate law regarding ineffective assistance of counsel with no attempt to address or analyze individually the issues included in his Statement of Questions Involved.[5]  This briefing deficiency fatally hampers our ability to consider Appellant's issues on appeal. Accordingly, we dismiss this appeal.

Appeal dismissed.

_____

[3] Appellant's Statement of the Questions Involved provides:

1. Whether the trial court erred in allowing a plea to be taken when there was such manifest ineffectiveness assistance of counsel?
2. Whether the trial court erred by proceeding with a hearing without a translator?
3. Whether the trial court erred violating Due Process by failing to produce a translator and numerous other violations?
4. Whether the trial court erred in permitting a plea to be taken where there was insufficient evidence for the basis of a charge in the first place?
5. Whether the trial court erred in disregarding the ample evidence and legal arguments when it permitted a plea to be entered in the first place?

Appellant's Br. at 3.

[4] *See* Appellant's Br. at 6-10.

[5] Appellant's brief contains a section titled "summary of argument" that is likewise devoid of substantive argument. **See** Appellant's Br. at 10-11. Appellant merely repeats the issues included in his Statement of Questions involved. **Id.**

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/11/2026