J-A27027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHON SARGENT | : | |
| | : | |
| Appellant | : | No. 816 EDA 2020 |

Appeal from the PCRA Order Entered August 9, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004565-2015

BEFORE:   STABILE, J., NICHOLS, J., and COLINS, J.*

MEMORANDUM BY NICHOLS, J.:                    **FILED:  APRIL 12, 2021**

Appellant Rashon Sargent appeals *nunc pro tunc* from the order dismissing his first petition filed under the Post Conviction Relief Act (PCRA). On appeal, the parties and the trial court proceed as if the PCRA court reinstated Appellant's direct appeal rights.  Because of the confusion over the scope of relief granted by the PCRA court, we remand this matter for clarification, and if determined necessary by the trial court, a correction of the record.

The trial court summarized the factual background to this appeal as follows:

> [O]n May 8, 2015[, Appellant, who was seventeen years old at the time,] waited outside the home of . . . Dolan Alsop.  At the time of his death Alsop was sixty years old, had the use of only his right

---

* Retired Senior Judge assigned to the Superior Court.

arm and he walked with the assistance of a cane. Mr. Alsop entered the hallway to his residence from the front porch. Carrying a shotgun[, Appellant] approached and followed Mr. Alsop into the [i]nterior hall. In the hallway[, Appellant] shot Mr. Alsop from an estimated distance of two to eight feet. [Appellant] took Mr. Alsop's cell phone and fled, leaving the dying man. During his flight[, Appellant] disposed of a box of ammunition in a sewer opening. Mr. Alsop was pronounced dead at the scene.

Trial Ct. Op. 5/21/20, at 1-2.

On November 19, 2015, the jury found Appellant guilty of first-degree murder and possessing an instrument of crime.[1] On January 5, 2016, the trial court sentenced Appellant to an aggregate term of thirty-six-and-one-half years to life imprisonment. Appellant did not file post-sentence motions or a direct appeal.

On February 4, 2019, Appellant filed a counseled PCRA petition requesting the reinstatement of his post-sentence and direct appeal rights. On August 9, 2019, the PCRA court dismissed Appellant's first petition as untimely. *See* Order, 8/9/19; Notice of Intent to Dismiss Without a H'rg, 4/11/19, at 2.

Appellant, through new counsel, filed a second PCRA petition on November 6, 2019, alleging that his first PCRA counsel abandoned him. Appellant's second PCRA petition requested a reinstatement of Appellant's right to appeal the order dismissing his first PCRA petition.

---

[1] The jury found Appellant not guilty of robbery.

- 2 -

Following a hearing in which there may have been an agreement between Appellant and the Commonwealth, the PCRA court entered an order granting Appellant *nunc pro tunc* relief, which read:

> AND NOW, this 6th day of February, 2020, as to the Petition for Post Conviction Relief filed by Rashon Sargent and the agreement entered into by and between [the Commonwealth] and [Appellant] that was placed on th[e] record before [PCRA court] on February 5, 2020, it is hereby ORDERED and DECREED that the Petition for Post Conviction Relief as to the allegations of ineffectiveness concerning the Order entered by th[e PCRA c]ourt dismissing [Appellant's] initial Post Conviction Relief Act Petition is GRANTED. [Appellant] is permitted to file an Appeal to the Superior Court Nunc Pro Tunc **from the Order dismissing his Petition for Post Conviction Relief dated August 9, 2019**.

Order, 2/6/20 (emphasis added).[2]

Appellant filed a counseled notice of appeal on March 2, 2020, in which counsel indicated that he appealed from the PCRA court's order dated August 9, 2019. However, the parties and the court thereafter proceeded as if the PCRA court had reinstated Appellant's direct appeal rights.

_____

[2] Although the PCRA court dated its order on February 6, 2020, it was not entered on the docket until February 7, 2020. Because the parties and the court refer to the February 6, 2020 order, we also do so to avoid confusion.

The court twice referred to an agreement between Appellant and the Commonwealth regarding Appellant's second PCRA petition. **See** Order, 2/6/20; Trial Ct. Op. at 2 (indicating that the parties stipulated that first PCRA counsel was ineffective). However, the record transmitted to this Court does not include a transcript from the hearing on Appellant's second PCRA petition or any further information regarding the nature of the agreement between the parties.

Specifically, on March 27, 2020, Appellant filed a docketing statement in this Court indicating that the PCRA court reinstated his direct appeal rights. On May 6, 2020, Appellant filed a Pa.R.A.P. 1925(b) statement raising numerous direct appeal issues. The trial court then filed a responsive opinion stating that it reinstated Appellant's right to a direct appeal and addressing Appellant's issues. Trial Ct. Op. at 2. Both Appellant's and the Commonwealth's briefs in this Court state that the February 6, 2020 order reinstated Appellant's direct appeal rights. Appellant's Brief at 5; Commonwealth's Brief at 3.

Before addressing Appellant's issues, we must resolve the discrepancy between the February 6, 2020 order and the conduct and statements of the parties and the trial court in this appeal. The language of the February 6, 2020 order is clear. The PCRA court granted Appellant an appeal *nunc pro tunc* from its August 9, 2019 order, not the judgment of sentence. **See** Order, 2/6/20. Because the August 9, 2019 order dismissed Appellant's first PCRA petition, the standard and scope of the issues on appeal is whether the record supported the PCRA court's findings and its legal conclusions were free of error. **See Commonwealth v. Small**, 238 A.3d 1267, 1280 (Pa. 2020).

However, because Appellant proceeds as if his direct appeal rights were reinstated, he advances no appellate claims regarding the August 9, 2019 order dismissing of his first PCRA petition. This lack of meaningful argument warrants dismissal of this appeal or the summary affirmance of the August 9, 2019 order. **See Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super.

- 4 -

2010) (noting that "it is an appellant's duty to present arguments that are sufficiently developed for our review" (citation omitted))

While this Court cannot overlook the fact that the February 6, 2020 order only authorized an appeal from the dismissal of Appellant's first PCRA petition and not the judgment of sentence, we also cannot ignore the apparent shared belief by the trial court and the parties that the February 6, 2020 order reinstated Appellant's direct appeal rights. **See** Trial Ct. Op. at 2; Commonwealth's Brief at 3. Although the written order generally controls, instantly, to facilitate judicial economy and to avoid dissipating the efforts and expense of the parties by dismissing or affirming based on a possible clerical misstep, patent or obvious mistake, or possible omission from the record, we remand the record to the trial court for clarification. **See generally Commonwealth v. Borrin**, 80 A.3d 1219, 1227-28 (Pa. 2013) (discussing patent and obvious mistakes and clerical errors).

For these reasons, we remand the record in this case for a period not to exceed sixty days for clarification as to whether the PCRA court reinstated Appellant's right to a direct appeal. If further time is required due to the pandemic or other circumstances, the trial court should advise the Superior Court Prothonotary. The PCRA court shall supplement the record to include the transcript of the hearing on Appellant's second PCRA petition and may include any other materials concerning the agreement between parties regarding the scope of relief due on Appellant's second PCRA petition. The PCRA court may determine to hold a hearing for the parties to supplement or

correct the record on this issue. The court shall file a supplemental opinion containing its findings of fact and conclusions of law concerning its February 6, 2020 order.

Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/21