J-S11011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LAMAR PENNY | |
| Appellant | No. 531 WDA 2020 |

Appeal from the Judgment of Sentence Entered July 11, 2019
In the Court of Common Pleas of Fayette County
Criminal Division at No: CP-26-CR-0000471-2018

BEFORE:  STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED:  October 5, 2021**

Appellant, Lamar Penny, appeals from the July 11, 2019 judgment of sentence imposing an aggregate seven to fourteen years of incarceration for unlawful possession of a firearm (18 Pa.C.S.A. § 6105), possession of and possession with intent to deliver ("PWID") controlled substances (35 P.S. § 780-113(a)(16) and (30), and related offenses.  We affirm.

The trial court recited the pertinent facts in its Pa.R.A.P. 1925(a) opinion:

> On [August 3, 2017], at approximately 7:30 a.m., Corporal Wesley Wilson of the Pennsylvania State Police responded to a call from the Fugitive Task Force which had apprehended Appellant in a residence located at 230 South Eighth Street, Apartment Number 2, Connellsville, Fayette County, Pennsylvania.  Corporal Wilson was advised by Sergeant [Michael] Irwin that a substance suspected to be crack cocaine along with drug paraphernalia had

_____

[*] Retired Senior Judge assigned to the Superior Court.

been observed in plain view in a bedroom during the protective sweep of the residence. A search warrant was obtained for the premises based on these observations.

The fruit of the execution of this search warrant included one knotted baggie containing suspected crack cocaine, a small amount of marijuana, a digital scale, a digital camera, a Ruger P-94 handgun, a Cobra .38 Special handgun, a diploma belonging to Appellant, a green Crown Royal bag containing assorted pills and suspected crack cocaine, and a box of sandwich baggies. All these items were found in a bedroom occupied by Appellant. Additionally, a substantial amount of U.S. currency, an Alcatel cellular telephone, and black iPhone, oxycodone pills, a Nike hat and shoes, a baggie containing marijuana residue, burnt marijuana cigarettes, a metal grinder, and a silver-colored Mac Book computer were also found in the same room.

The firearms found in the room occupied by Appellant were determined to be stolen. After this information was discovered, Corporal Wilson conducted a criminal history check on Appellant and determined that Appellant was not a person who is permitted to possess firearms.

The lab report received by Corporal Wilson confirmed that the materials gathered from the room occupied by Appellant were controlled substances including cocaine, marijuana, oxycodone, and morphine.

A DNA analysis test was conducted on the firearms recovered from the room. Appellant and paternal members of his family cannot be excluded as possible contributors of the DNA.

Corporal Wilson testified that the home located at 230 South Eighth Street, Apartment Number 2, Connellsville, Fayette County, Pennsylvania was occupied by three residents, two females and a male. Corporal Wilson identified the male as Appellant. The DNA contained on the firearms retrieved from the residence contained a "Y" chromosome, which is only present in males. Appellant was the sole male occupant of the home.

Corporal Wilson testified that he read **Miranda**[1] warnings to Appellant at the Uniontown barracks of the Pennsylvania State

---

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

J-S11011-21

Police. As evidenced by a custodial written statement form, Appellant waived his *Miranda* right to self-incrimination, and subsequently made statements to Corporal Wilson. When asked about the firearms recovered from a box containing the high school diploma of Appellant in his room, Appellant responded that he was using the firearms to protect himself. Additionally, Corporal Wilson stated that based upon his training and experience the paraphernalia, large sums of money, firearms is [sic] indicative of drug trafficking.

Trial Court Opinion, 7/8/20, at 3-5.

This case proceeded to a July 10, 2019 jury trial, at the conclusion of which the jury found Appellant guilty of the aforementioned offenses and, on July 11, 2019, the trial court-imposed sentence as set forth above. Appellant filed this appeal raising two assertions of error:

1. Whether the suppression court erred in denying [Appellant's] motion to suppress statements where the Commonwealth failed to present specific evidence of the content of the *Miranda* warnings allegedly given to [Appellant] and failed to meet its burden of proving that [Appellant] made a knowing, voluntary and intelligent waiver of his right to counsel, right to remain silent and other rights guaranteed by the Fifth Amendment to the United States Constitution.

2. Whether the evidenced presented at trial was sufficient to sustain jury verdicts that [Appellant] was in possession of a firearm or a controlled substance?

Appellant's Brief at 6.

We will review Appellant's arguments in turn. We review the challenge to the trial court's suppression ruling as follows:

[An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn

- 3 -

from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where...the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on [the] appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the [trial court are] subject to plenary review.

*Commonwealth v. Wright*, 224 A.3d 1104, 1108 (Pa. Super. 2019), *appeal denied*, 237 A.3d 393 (Pa. 2020). Our review is limited in scope to the evidence produced during the suppression hearing. *Id.* The trial court determines the credibility of witnesses testifying at a suppression hearing. *Id.*

Appellant argues that the Commonwealth failed to establish that Appellant was informed of and waived his *Miranda* rights before he made an incriminating statement. The Commonwealth bears the burden of proving that it gave proper warnings that the defendant understood. *Commonwealth v. Cohen*, 53 A.3d 882, 886 (Pa. Super. 2012). The waiver must be explicit, such that the defendant gave "an outward manifestation of a waiver such as an oral, written or physical manifestation." *Id.* "To determine whether the waiver was knowing and intelligent, we focus upon the defendant's cognitive processes, i.e., whether the defendant was aware of the nature of the choice that he made in relinquishing his *Miranda* rights." *Commonwealth v.*

*DiStefano*, 782 A.2d 574, 581 n.2 (Pa. Super. 2001), *appeal denied*, 806 A.2d 858 (Pa. 2002).

As set forth above, Corporal Wilson testified that he read Appellant his *Miranda* rights and that he verbally acknowledged them before making a statement. N.T. Hearing, 8/22/18, at 27-28. Wilson read the rights from a Pennsylvania State Police custodial written statement form. *Id.* at 31. Corporal Wilson had Appellant sign the form, but he did not retain the form because Appellant ultimately did not give a written statement. *Id.* at 32-33.

Reading the record in a light most favorable to the Commonwealth, this testimony supports the trial court's finding that Appellant made an intelligent waiver. That is, the record is an explicit manifestation of Appellant's understanding and waiver of his rights. Appellant argues the evidence is not sufficient because Corporal Wilson did not testify in detail to the language of the warning and did not produce a copy of the form from which he read the rights. None of the caselaw Appellant cites supports a conclusion that a police officer testifying at a suppression hearing must describe, word-for-word, the language of the *Miranda* warnings he gave. Moreover, Appellant provides no reason why the trial court could not credit Corporal Wilson's testimony that Appellant was informed of his *Miranda* rights, signed a form, and then consented to give an oral rather than written statement. Appellant's first argument does not merit relief.

Next, Appellant argues the Commonwealth failed to produce sufficient evidence of his constructive possession of firearms and controlled substances. In reviewing this argument, our standard of review is *de novo*, and our scope of review is limited to the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as verdict winner. **Commonwealth v. Rushing**, 99 A.3d 416, 420-21 (Pa. 2014). We do not weigh the evidence or make credibility determinations. **Commonwealth v. Kane**, 10 A.3d 327, 332 (Pa. Super. 2010), **appeal denied**, 29 A.3d 796 (Pa. 2011).

Police did not recover any firearms[2] or controlled substances[3] from Appellant's person. Instead, the items were in what the Commonwealth

---

[2] Appellant was convicted under 18 Pa.C.S.A. § 6105, which provides:

> A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a).

[3] Possession with intent to deliver is:

> [T]he manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating,

*(Footnote Continued Next Page)*

- 6 -

argues was Appellant's room in the house where he was staying. Thus, Appellant's conviction was based on his constructive possession of the unlawful items.

> This Court has held that [p]ossession can be found by proving actual possession, constructive possession, or joint constructive possession. Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction. Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

> It is well established that, [a]s with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

*Commonwealth v. Parrish*, 191 A.3d 31, 36–37 (Pa. Super. 2018), *appeal denied*, 202 A.3d 42 (Pa. 2019).

Appellant argues that the Commonwealth failed to produce evidence that he occupied the bedroom from where the police recovered the firearms and controlled substances. He notes that he was sharing the apartment with two women, and he implies that the items could have been theirs. Appellant

---

delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30).

also notes that the DNA evidence retrieved from one of the firearms did not conclusively implicate him.

By and large, Appellant invites this Court to draw inferences in his favor rather than draw reasonable inferences in favor of the Commonwealth as per the standard of review. Police retrieved—from the same brown box— a green Crown Royal bag with crack cocaine, a Ruger P-94, a Cobra .38 Special, and Appellant's high school diploma. N.T. Trial, 7/10/19, at 27. The brown box was in the same bedroom with various other controlled substances and paraphernalia.

The DNA retrieved from one of the firearms was male DNA, and it did not exclude Appellant or any paternal member of his family. *Id.* at 40. Appellant was the only male staying in the apartment. While not conclusive, the DNA evidence, considered along with the other evidence in the case, supports a reasonable inference that the Ruger from which it was taken belonged to Appellant.

The male DNA retrieved from the gun links Appellant to the bedroom in which it was found. The guns were in the same box with Appellant's high school diploma, which also links Appellant to that bedroom. All the items retrieved from the bedroom were consistent with illegal drug trafficking, as

was a large amount of cash retrieved from Appellant's person.[4]  Considering all this evidence in light of the applicable standard of review, we conclude that the Commonwealth produced sufficient evidence of Appellant's constructive possession of controlled substances and firearms.

For the foregoing reasons, we find no merit in Appellant's assertions of error.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/5/2021

---

[4]  Appellant also argues that some of the post-**Miranda** statements he made about protecting himself led the jury to conclude the firearms were his.  We have already addressed Appellant's suppression argument and concluded the trial court did not err in admitting Appellant's statements into evidence.