J-A27008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS ROY MITCHELL | : | |
| | : | |
| Appellant | : | No. 157 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 8, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002709-2020

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED:  JANUARY 17, 2023**

Appellant, Marcus Roy Mitchell, appeals from the September 8, 2021 Judgment of Sentence entered in the York County Court of Common Pleas following his non-jury trial conviction of DUI—General Impairment and Careless Driving.[1]  After careful review, we affirm.

The facts and procedural history of the matter are largely immaterial to our disposition.  On April 22, 2020, around 10:30 PM, the Northern York County Regional Police dispatched Police Officer Kyle R. Forry to respond to a 911 call reporting a reckless driver.  As Officer Forry proceeded to the site, the dispatcher provided him with live updates, which led him to the parking lot at Goofy's Eatery and Spirits in Spring Grove, where the 911 caller

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(a)(1) and 3714(a), respectively.

indicated the driver of the reckless vehicle, later identified as Appellant, had parked. In the parking lot, Officer Forry found Appellant sitting in the driver's seat of his parked car. Appellant was alone in the vehicle, the engine was turned off, and Appellant held the keys to the car in his hands. No other vehicles were parked in the lot. When Appellant opened the door to his car at Officer Forry's request, Officer Forry immediately smelled the overwhelming odor of alcohol. Officer Forry observed numerous indicia of intoxication including: (1) Appellant's slow speech and glossy eyes; (2) the odor of alcohol emanating from Appellant's breath; and (3) Appellant's unsteadiness on his feet and need for assistance walking to Officer Forry's car. Appellant refused Officer Forry's request to perform standard field sobriety tests and to consent to a blood draw. Officer Forry then arrested Appellant on suspicion of DUI and Careless Driving.

Following a July 16, 2021 bench trial, the court convicted Appellant of the above charges. On September 8, 2021, the court sentenced Appellant to a 6-month term of probation, three months of alcohol monitoring, and three months of house arrest.

Appellant filed a post-sentence motion, which the trial court denied. This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In his Brief to this Court, Appellant challenges the sufficiency of the Commonwealth's evidence in support of his conviction and the weight the trial court gave to the evidence. Before we reach the merits of the issues

presented, however, we must consider whether Appellant has preserved them for our review.

It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument." ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018). This Court will address only those issues properly presented and developed in an appellant's brief as required by our rules of appellate procedure. Pa.R.A.P. 2101-2119. As this Court has made clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." ***Coulter v. Ramsden***, 94 A.3d 1080, 1088 (Pa. Super. 2014). ***See also Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted) (where "defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived."); Pa.R.A.P. 2101 (providing that where the defects in an appellant's brief are substantial, this Court may quash or dismiss the appeal).

Following our review of the arguments Appellant has presented in support of his claims, we conclude that they are woefully underdeveloped. Although Appellant has provided citations to boilerplate authority regarding

our standard of review of sufficiency and weight of the evidence claims, he has provided no citations whatsoever to the record[2] and has failed to discuss the facts of this case in the context of relevant case law. Instead, Appellant has merely recounted the facts in the light most favorable to him and then baldly concludes that: (1) the Commonwealth's evidence was insufficient to support his conviction; and (2) that the conviction "shock[s] one's sense of justice." Appellant's Brief at 20. We cannot and will not act as Appellant's counsel and develop arguments on his behalf. Appellant's failure to develop his arguments have hampered this Court's ability to conduct meaningful appellate review. Thus, we conclude that Appellant has waived his claims by failing to develop them.

Even if this Court were able to effectuate meaningful appellate review, we would conclude that Appellant's issues do not merit relief. Our review of the record indicates that the Commonwealth presented sufficient evidence to support Appellant's conviction and we find no abuse of discretion in the trial court's denial of Appellant's request for a new trial on weight of the evidence grounds.

Judgment of Sentence affirmed.

---

[2] We acknowledge that Appellant provided citations to the notes of testimony in the "Statement of the Case" section of his Appellate Brief. However, Appellant has not complied with our rule of Appellate Procedure requiring that "[i]f reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears." Pa.R.A.P. 2119(c).

Judge Colins joins the memorandum.

Judge McLaughlin concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/17/2023