J-S46009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC B. OKNEFSKI | : | |
| | : | |
| Appellant | : | No. 454 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 6, 2023
In the Court of Common Pleas of Elk County Criminal Division at No(s):
CP-24-CR-0000247-2022

BEFORE:  DUBOW, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:  **FILED: FEBRUARY 28, 2024**

Appellant, Eric B. Oknefski, appeals from the judgment of sentence of 5 days to 6 months of incarceration entered in the Elk County Court of Common Pleas following his conviction of DUI and Display of Unauthorized Certificate of Inspection.[1]  Appellant challenges the sufficiency and weight of the evidence in support of his DUI conviction.  After careful review, we affirm.

The relevant facts and procedural history as gleaned from the certified record, including the notes of testimony from Appellant's stipulated bench trial, are as follows.  On March 22, 2022, surveillance video recorded Appellant drive into the front parking lot of the Pennsylvania State Police ("PSP") Ridgeway barracks where the custody exchange of his daughter was scheduled to take place.  Appellant exited his vehicle and began approaching

_____

[1] 75 Pa.C.S. §§ 3802(a)(1), and 4703(e), respectively.

the barracks on foot. At that time, PSP Corporal Brian Elensky walked out through the lobby of the barracks to meet Appellant.

Corporal Elensky immediately noticed that Appellant's eyes were red and watery, and that Appellant appeared disheveled, dazed, disoriented, and a little confused. Corporal Elensky then had a "lengthy conversation"[2] with Appellant, during which he further observed that Appellant's speech was slow, quiet, and raspy. He described Appellant as having very noticeably swollen hands, legs, and feet, and that Appellant seemed unbalanced. Appellant told Corporal Elensky that he had driven to the barracks but did not respond when Corporal Elensky asked him if he was sober. Corporal Elensky noticed that Appellant had "complete unawareness of [] the year or the time,"[3] which indicated to him that Appellant was impaired. Based upon his concern that Appellant was not sober yet intended drive off the premises with a young child, Corporal Elensky administered field sobriety tests,[4] the results of which indicated that Appellant was "clearly impaired."[5, 6] Corporal Elensky then

---

[2] N.T. Trial, 1/30/23, at 15.

[3] *Id.* at 19.

[4] Corporal Elensky administered a horizontal gaze nystagmus test and Romberg balance test that, because he was afraid Appellant would fall, Corporal Elensky modified by permitting Appellant to sit. *Id.* at 16.

[5] *Id.* at 18.

[6] Corporal Elensky also inspected Appellant's vehicle and observed a large strip of tint on the front windshield, very dark tint on the rear door windows, *(Footnote Continued Next Page)*

arrested Appellant for suspicion of DUI and transported him to St. Mary's Hospital where Appellant consented to a blood draw for blood alcohol level testing.

On January 30, 2023, Appellant's stipulated bench trial commenced. Relevantly, the parties stipulated that laboratory tests indicated that Appellant had a blood alcohol content of .163% when sampled on March 22, 2022. In addition to the parties' stipulation, the court heard the testimony of Corporal Elensky. Corporal Elensky testified to the above facts and summarized his belief that Appellant was impaired to a degree that he was unable to safely operate a motor vehicle as follows:

> There was no question that [Appellant] was impaired by alcohol or drugs or both. [And subsequent] toxicology results to confirm the source of the impairment.
>
> ***
>
> Due to even before the tests, the things I saw, his balance, his eyes, his demeanor, his speech, then the test and even the rest of my time with him, I mean, he - - I had no question that he was extremely dangerous risk to be out on the road.

N.T. Trial, 1/30/31, at 19-20.

Following the trial, the court convicted Appellant of the above charges. On February 6, 2023, the court sentenced Appellant a term of 5 days to 6 months of imprisonment. On February 10, 2023, Appellant filed a post-sentence motion, which the trial court denied on March 20, 2023.

---

broken glass on one of the lights, and expired inspection. These observations formed the basis of summary citations subsequently issued to Appellant.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Whether the evidence presented by the Commonwealth at trial was insufficient to sustain a conviction for the offense of Driving Under the Influence, 75 Pa.C.S. § 3802(a)(1), specifically regarding the element of "imbibed a sufficient amount of alcohol such that he was incapable of safely driving, operating, or being in actual physical control of the movement of the vehicle," where only one field sobriety test of [Appellant] was performed, [Appellant] had health issues which made it difficult for [him] to complete the field sobriety tests, [and] video evidence presented at trial showed [Appellant] in control of his person[]?

2. Whether the evidence presented by the Commonwealth at trial was against the weight of evidence for the offense of Driving Under the Influence, 75 Pa.C.S. § 3802(a)(1), specifically regarding the element of "imbibed a sufficient amount of alcohol such that he was incapable of safely driving, operating, or being in actual physical control of the movement of the vehicle," where only one field sobriety test of [Appellant] was performed, [Appellant] had health issues which made it difficult for [him] to complete the field sobriety tests, [and] video evidence presented at trial showed [Appellant] in control of his person[]?

Appellant's Brief at 10-11.

**A.**

In his first issue, Appellant challenges the sufficiency of the Commonwealth's evidence in support of his DUI conviction. In an unusual argument that misapprehends both the Commonwealth's burden and this court's standard of review, Appellant asserts that the Commonwealth presented insufficient evidence to prove Appellant's proffered defense—that it

- 4 -

was the consumption of alcohol and not, as Appellant claims, his lack of sleep or health conditions—that rendered him incapable of safely operating a vehicle. *Id.* at 23-24.

Our standard of review applicable to challenges to the sufficiency of evidence is well settled. "Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, and taking all reasonable inferences in favor of the Commonwealth, the reviewing court must determine whether the evidence supports the fact-finder's determination of all of the elements of the crime beyond a reasonable doubt." *Commonwealth v. Hall*, 830 A.2d 537, 541–42 (Pa. 2003). A conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Commonwealth v. Melvin*, 103 A.3d 1, 40 (Pa. Super. 2014). In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for that of the fact-finder. *Id.* at 39-40.

Further, "[t]he facts and circumstances proved must, in order to warrant a conviction, be such as to establish the guilt of the defendant, not necessarily beyond a moral certainty, nor as being absolutely incompatible with his innocence, but at least beyond a reasonable doubt." *In Interest of J.B.*, 189 A.3d 390, 408 (Pa. 2018) (citation omitted).

The court convicted Appellant of DUI pursuant to Section 3802(a)(1), which provides:

(a) General impairment.—

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1).

"The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include[,] but are not limited to . . . the offender's actions and behavior, including manner of driving[;] . . . demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech." *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009).

Following our review of Appellant's argument, we observe that Appellant has asked this Court to ignore the above-stated standard of review which requires us to consider the evidence in the light most favorable to the Commonwealth as verdict winner, and instead, review the evidence in the light most favorable to him. This we cannot and will not do.

Moreover, the notes of testimony confirm that the Commonwealth did, in fact, present sufficient evidence to support Appellant's DUI conviction. Appellant does not dispute that he drove his vehicle onto the parking lot of the PSP barracks in Ridgeway. Further, Appellant stipulated that his blood-alcohol level was .163%. As set forth above, Corporal Elensky testified at trial that Appellant's appearance, demeanor, and conduct indicated that Appellant was intoxicated. Viewing the evidence in the light most favorable to the Commonwealth, we conclude that it was reasonable for the trial court, sitting

- 6 -

as fact-finder, to determine that Appellant was not capable of safely operating his vehicle. Accordingly, Appellant's challenge to the sufficiency of the evidence fails.

**B.**

Appellant also challenges the weight the trial court gave to the Commonwealth's evidence. Appellant's Brief at 24. Appellant has not, however, developed any argument in support of this claim.[7] ***Id.*** Appellant's failure to develop this issue has hampered this Court's ability to conduct meaningful appellate review. We, thus, conclude that Appellant has waived his weight of the evidence claim by failing to develop it in his appellate Brief. ***See***, ***e.g.***, ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted) (where "defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").

**C.**

In sum, we conclude that Appellant's sufficiency of the evidence claim lacks merit and that he has waived his weight of the evidence claim.

---

[7] Appellant's argument, in its entirety, is as follows:

> For the reasons set forth in section I hereinabove, [Appellant] avers that the [t]rial [c]ourt's decision to deny his motion for a new trial based on the weight of the evidence was an abuse of discretion. Counsel does not see the need to set forth the same argument here.

Appellant's Brief at 24.

- 8 -

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

FILED: 2/28/2024