J-A21038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAHALA DEE TURAHN SEAY | : | |
| | : | |
| Appellant | : | No. 1614 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 2, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0001910-2023

BEFORE: PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: OCTOBER 23, 2025**

Appellant, Sahala Dee Turahn Seay, Appeals from the judgment of sentence entered July 2, 2024 in the Court of Common Pleas of Cumberland County. Appellant was convicted of Indecent Assault following trial by jury. After careful review, we affirm.

This charge arose from an incident which occurred on June 27, 2023, at the Ross Distribution center in Carlisle, Pennsylvania, where Appellant and the victim, Annette Kirby, were then employed. N.T. Jury Trial 3/13/2024 at 7-8. Appellant and the victim exchanged cell phone numbers during their overnight shift beginning on June 26, 2023, and ending on June 27. *Id.* at 9. At approximately 3:00 A.M. on June 27, 2023, Appellant encountered Ms. Kirby and told her he "know[s] how [she] like[s] it," then tugged her hair and

_____

[*] Former Justice specially assigned to the Superior Court.

"patt[ed her] on the behind" twice. *Id.* at 11. Ms. Kirby reported this incident to a supervisor at approximately 5:30 A.M. on June 27. *Id.* at 12. At 6:40 A.M. on June 27, Ms. Kirby texted Appellant "please don't text me," in response to the above-described incident. *Id.* at 15. This and several preceding texts from that evening[1] would come to be depicted in a screenshot referred to as "Commonwealth's Exhibit 2." *Id.* at 5.

On the evening of June 27, 2023, Appellant was informed at the beginning of his next shift following the incident that he was being placed on administrative leave by a senior operations manager, and he was subsequently escorted from the building. *Id.* at 22, 25-26. In the early morning hours of June 28, 2023, Ms. Kirby received four text messages, sent at 1:22 A.M., which read: "[1] U UGLY BITCH [fire, skull, and gun emojis] [;] [2] ANNETTE KIRBY [;] [3] U GOT AIDS [;] [4] [gun emojis]." These text messages would come to be depicted in a screenshot referred to as "Commonwealth's Exhibit 1." *Id.* at 3. These texts did not come from a number known to belong to Appellant, and the Commonwealth was not able to provide direct evidence of who sent these messages. *Id.*

On July 3, 2023, Appellant was charged with Indecent Assault and Harassment. During the course of pre-trial discovery, the Commonwealth provided Appellant's counsel with an incident report which quoted the content

---

[1] These texts consist of the following: Ms. Kirby texted to the Appellant "Hey whats [sic] up," and Appellant later texted Ms. Kirby "[h]ow are you? [Smiley face emoji]." *Id.* at 4. That these texts were sent between Appellant's phone and Ms. Kirby's is not contested. *Id.* at 5.

of Commonwealth's Exhibit 1 verbatim, but it did not quote the content of Commonwealth's Exhibit 2 in whole or in part. Trial Court Opinion 12/4/2024 at 3. However, copies of both Commonwealth exhibits depicting text messages were provided to Appellant's counsel five days prior to trial. *Id.* at 3, 4.

Immediately prior to jury selection, Appellant made an oral motion *in limine*, seeking to exclude Commonwealth's exhibits 1 and 2. *Id.* at 2. Appellant sought to exclude Commonwealth Exhibit 1 on two bases: first, that the Commonwealth could not authenticate the messages; second, that the screenshot of the messages was late discovery. *Id.* Appellant sought to exclude Commonwealth Exhibit 2 only on the basis of late discovery. *Id.* The trial court granted Appellant's motion to exclude as to Commonwealth's Exhibit 1 on the basis of authentication[2] and denied his motion as to Commonwealth's Exhibit 2 "on the basis of a statement made by counsel for the Commonwealth that the 'messages are quoted verbatim in the incident report that defense counsel received with the initial batch of discovery, so this is not any new information.'" *Id.* at 2-3. The trial court notes in its Opinion that at that time it believed this statement applied to both Commonwealth exhibits, and Appellant did not correct or clarify this statement upon which the court relied until a post-sentence motion for reconsideration, at which time he referred to this statement as a "misrepresentation." *Id.* at 3.

---

[2] Upon granting Appellant's motion to suppress Commonwealth Exhibit 1, the trial court also dismissed the sole count of harassment, which had been based upon the content of the suppressed text messages. *Id.* at 3-6, 36-37.

At trial, the Commonwealth introduced Commonwealth Exhibit 2 through the testimony of Ms. Kirby. Notes of Testimony, Jury Trial 3/13/2024 at 13-14. When asked by the prosecution why the final message, sent by her at 6:40 A.M., in which she told Appellant not to text her, was "terse or less friendly," than her previous message sent at the beginning of their shift, Ms. Kirby said the same was due to "the fact that he tugged my hair and, you know, pat [sic] me on the behind." *Id.* at 15.

Appellant filed a post-sentence motion on July 12, 2024, requesting a new trial on the basis that the Commonwealth's late disclosure of Commonwealth's Exhibit 2, which was admitted over objection, was prejudicial to his ability to effectively prepare with counsel. Trial Court Opinion 12/4/2024 at 1. His motion was denied on July 17, 2024, due to the trial court's aforementioned belief that the substance of these texts had been included in the incident report provided to the defense in the initial discovery packet. *Id.* Appellant then filed a motion for reconsideration on August 13, 2024, only now for the first time averring that the content of Commonwealth's Exhibit 2 was *not* included in the incident report. The trial court vacated their prior order denying Appellant's motion and ordered the Commonwealth to respond. Following receipt of said response, the court again denied Appellant's motion due to lack of prejudice. *Id.* at 4. Appellant received the text messages five days prior to trial; he did not request a continuance; and the trial court considered the weight of the messages to be minimal. *Id.*

Appellant filed a renewed motion for reconsideration on October 31, 2024, which the trial court denied for lack of jurisdiction, as Appellant had filed late in the day on "the penultimate day of the appeal period." *Id.* at 5. Appellant in this motion raised a *Brady* claim for the first time, relative to Commonwealth's Exhibit 1, which had previously been excluded on his own motion. *Id.* Appellant filed his notice of appeal on November 1, 2024.

Appellant raises three questions for review:

> "I. Was Defendant deprived of his right to a fair trial due to the Commonwealth's Brady violation, where the cumulative effect of all text message evidence suppressed by the Commonwealth impacted the Defendant's trial strategy, the evidence presented to the jury at trial, and the jury's ability to fairly weigh the credibility of the Commonwealth's witnesses?
> Suggested Answer: YES.
>
> II. Did the trial court err by Denying Defendant's motion to exclude text message evidence suppressed by the Commonwealth for months where the court's jury instruction permitted conviction based on the alleged victim's testimony alone if found credible gave extra weight to the suppressed text evidence which was used to punctuate her testimony and bolster the perception of her credibility?
> Suggested Answer: YES.
>
> III. Did the trial court err by denying Defendant's post sentence motion for a new trial without a hearing?
> Suggested Answer: YES."

Appellant's Brief at 4.

Regarding Appellant's first issue, we have previously observed that:

in order to establish a *Brady* violation:

> "a defendant must show that: (1) evidence was suppressed by the state, either willfully or inadvertently; (2) the evidence was

favorable to the defendant, either because it was exculpatory or because it could have been used for impeachment; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant. See ***Commonwealth v. Lambert***, 584 Pa. 461, 471, 884 A.2d 848, 854 (2005); ***Commonwealth v. Collins***, 585 Pa. 45, 68, 888 A.2d 564, 577-78 (2005). However, [`]the mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense.['] ***Commonwealth v. Chambers***, 570 Pa. 3, 29, 807 A.2d 872, 887 (2002) (citation omitted and emphasis added). Rather, evidence is material [`]only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.['] ***Id.*** at 29, 807 A.2d at 887-88."

***Commonwealth v. Willis***, 46 A.3d 648, 656 (2012).

Regarding Appellant's first issue, we find that Appellant has failed to show he was prejudiced as a result of the timing of the Commonwealth's disclosure. Here, it is undisputed that Appellant was provided with verbatim transcriptions of the text messages represented in Commonwealth's Exhibit 1 since the initial discovery packet was sent, and Appellant was provided with screenshots of both sets of messages five days in advance of trial. Appellant did not seek a continuance based on the timing of this disclosure in order to develop an alternate trial strategy. Rather, he proceeded on a suppression strategy, in which he was partially successful. In fact, this strategy yielded the dismissal of one of the two charges Appellant faced. Relative to Commonwealth's Exhibit 2, On appeal, he has not presented a compelling argument as to how the timing of the Commonwealth's disclosure of this evidence gave rise to a reasonable probability that, but for earlier disclosure,

the proceeding would have been different. Demonstrating that the Commonwealth made use of the exhibit at trial is not a complete argument in favor of finding that Appellant was prejudiced, nor is a bald statement that earlier disclosure might have helped the defense. As such, Appellant's first issue merits no relief.

Regarding Appellant's second and third issues, he has waived them by failing to develop arguments on those points in his brief[3]. Although Appellant presents three questions in his statements of questions involved, his argument is divided into only two sections, and both sections address only his **Brady** claim as set forth in his first question. **See** Pa.R.A.P. 2119(a)(requiring that "[t]he argument shall be divided into as many parts as there are questions to be argued."). Confoundingly, Appellant titles the second section of his argument "[t]he trial court should have excluded all text message evidence," but does develop a recognizable argument concerning exclusion of evidence. While his brief's summary of the argument signals that he intended to develop an argument relative to his second question presented predicated upon an alleged violation of Pa.R.Crim.P. 573 arising from to the late disclosure of the text message screenshots, no mention of said rule is included in this section, nor is any authority cited in support of this contention. Appellant does not so

---

[3] We note that Appellant's "Summary of Argument" does include summaries of arguments relative to his second and third questions presented, but he appears to have abandoned these arguments as they are absent from the remainder of his brief. *See* Appellant's Brief at 8-9, 9-16.

- 7 -

much as include a third section to address his third question, let alone develop an argument sufficient to allow for our review. It is well established that this Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010). *See also*, ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1262 (Pa. Super. 2014) (*en banc*), appeal denied, 104 A.3d 1 (Pa. 2014)("The Pennsylvania Rules of Appellate Procedure require that each question an appellant raises be supported by discussion and analysis of pertinent authority, and failure to do so constitutes waiver of the claim.") (citation omitted, emphasis added). Thus, Appellant's second and third issues are waived and do not entitle Appellant to relief.

Therefore, for the foregoing reasons, Appellant has failed to present any issue meriting relief, and we affirm his judgment of sentence. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/23/2025